BAILES, Judge.
This tort action arises out of vehicular ■collision which occurred at about 5:30 a. m., on the foggy morning of January 23, 1964, on Louisiana Highway 43 in Livingston Parish. Plaintiff sues for $26,258 in compensation for certain alleged physical and property damages, loss of wages and medical expenses. The defendant is the insurer of the vehicle which was driven into the rear of plaintiff’s automobile.
Plaintiff alleged the following in his petition: At about the hour of 5:30 on the morning of the accident he was driving his automobile in an easterly direction on Louisiana Highway 43 toward Springfield in Livingston Parish, when his vehicle developed mechanical failure. He pulled his automobile as far off the road as possible and parked to await assistance. While so parked, a vehicle owned by Stevens Meat Company, driven by Mr. Henry W. Stevens, proceeding in the same direction as plaintiff, collided violently with the rear of plaintiff’s vehicle. He alleged the driver of the Stevens Meat Company automobile was negligent in the following particulars:
1. In operating his vehicle at an excessive rate of speed under existing circumstances ;
2. In failing to keep a proper lookout;
3. In failing to have his vehicle under proper control;
4. In failing to apply his brakes or take any precaution to avoid the accident.
Plaintiff further alleged he received bruises and contusions about his body, particularly face and chest, suffered- shock, severe whiplash injury to his neck and back.
Defendant denied all of-the allegations of negligence but did admit the occurrence of the accident. It affirmatively alleged plaintiff’s vehicle was improperly parked and stopped on the highway, blocking traffic at a time when it was foggy without any lights of any kind on or about the vehicle, and without any justifiable reason therefor. It alleged plaintiff was asleep in his vehicle; the roadway was wet; and that Mr. Stevens suddenly and without any warning came upon plaintiff’s automobile so stopped and parked. Although he applied his brakes and tried to stop and swerve to his left to avert the collision, he did collide with plaintiff’s vehicle.
*14 After trial below, judgment was rendered, without an assignment of reasons, in plaintiff’s favor in the amount of $2,586. From this adverse judgment, defendant appeals.
Plaintiff testified he left his home about four o’clock on the morning of the accident, traveled from three and one-half to five miles to the scene of the accident where he had mechanical trouble with his automobile at about four thirty o’clock a. m. He parked his car because of this trouble at this time and the accident occurred around an hour later. He testified as follows on direct examination: Page 55 of Record.
"Q. Now, you say your car stalled on you, would you explain that for us ?
A. Well, I was driving along — I had it worked on a few days before and tuned up and I was just driving along and it just begin to slow down and just stopped running. So I got out and raised the hood, looked, checked the wires and I couldn’t see nothing wrong and I got back in and put the hood down and got back in it and tried the key and couldn’t get no action so I reached underneath the dashboard to see if the wire had come aloose or something another from the ignition, that is the last thing I remember. The next thing I remember I could hear somebody talking — I thought I could hear somebody talking — it was like a dream. And whenever I come to and my mind got to where I could remember something this guy here said, man you been doing some sleeping. I said sleeping— I said man I been knocked out. Then I went out again. I don’t remember nothing for a while until he told me said flag that car down. I said I am not getting out in that road in front of that car. It was foggy. You couldn’t see nothing and which — that is the reason why my car had stopped — the mechanic told me that the fog was so heavy that the carburetor wasn’t putting up enough oxygen into the carburetor or something like that — he had it cut down real low and I didn’t flag the car and the car come on up and went around. I told the man I said let’s push that car back out of the road. So we pushed it back. I told him don’t bother nothing — leave the wheels just like they are and I wanted the trooper when they get there the car to be sitting in the position where it was at when —so we pushed it right back and it went right back up into his car where he had hit it on the right lane, where I was supposed to have been.
Q. Now, when your car. stalled were the headlights on your car burning?
A. Yes sir.
Q. Did you turn them off at any time?
A. No sir. The switch on the dash was cracked. It was made of some kind of stuff but it was broke, I think my knee hit it. You know in the impact. The switch was crumbled on it.
Q. But you did not turn your lights off at any time prior to this impact?
A. No.
Q. Were you in the eastbound or right lane of traffic at the time of impact?
A. The right lane going to Springfield.”
Even though plaintiff testified he left home, as usual and at an early hour to drive to LaPlace where he was to meet others from where he would journey on to work, and although he stated on the witness stand his lights were burning on his automobile, *15 that he had had no alcohol beverages to drink before the collision, and finally that, at the time of the collision, he was attempting to work on his stalled vehicle, Troopers Stone and Crowe of the Louisiana State Police, testified the plaintiff told them, when they interviewed him during their investigation of the accident, he was asleep in his automobile with the lights off when the collision occurred. Further, the troopers testified plaintiff told them he had been drinking prior to stopping his vehicle, and that earlier in the night he had been at a woman’s house. According to the testimony of these troopers, plaintiff made no statement about having had any mechanical trouble with his automobile. Also, Mr. Stevens testified after the collision he went to the plaintiffs automobile and found the plaintiff asleep on the front seat.
In view of the gross conflict in the plaintiff’s testimony given from the witness stand and the statements made to the troopers at the scene of the accident in response to questions during their investigation, we find plaintiff’s testimony not entitled to any weight and of no probative value. We find plaintiff was not experiencing mechanical failure of his vehicle at the time of the accident.
In their investigation, the troopers found skidmarks of 112 feet left by the Stevens vehicle prior to collision, and also found plaintiff’s vehicle was moved ten feet forward by the force of the impact.
On the stand, Mr. Stevens testified the fog was very heavy and he could actually see better with his lights on low beam, and as soon as he saw plaintiff’s vehicle through the fog he attempted to stop and to swerve to his left to avoid striking plaintiff’s vehicle. The trooper estimated his speed at the time the brakes were applied at 45 mph. This estimate was not disputed by Mr. Stevens.
Clearly it was gross negligence for Mr; Stevens to drive at a speed of 45 mph in a heavy dense fog. While ordinarily a motorist may assume the road is safe for travel at night, he is not justified in this assumption where his vision of the highway is obscured by a fog of such density as not to be able to see sufficiently far ahead as to stop within the range of his headlights.
As the defendant has pleaded alternatively the plaintiff was guilty of negligence proximately causing or contributing to this collision between the vehicles, we will examine the facts to determine the applicability of this plea.
We find from the evidence the plaintiff did not have any disabling mechanical difficulty with his vehicle. We find plaintiff parked his automobile on the side of the highway in the east bound traffic lane, turned his lights off and went to sleep. From the facts related by the plaintiff to Troopers Stone and Crowe, and the testimony of Mr. Stevens to the effect the plaintiff was asleep on the front seat of his vehicle when he awoke him after the collision, we are convinced the act of parking without lights in the dense fog of this blacktop highway was gross negligence.
Plainly, plaintiff was in violation of the Highway Regulatory Act, R.S. 32:141, Paragraph A, which provides:
“A. Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available *16 from a distance of two hundred feet in each direction upon such highway.”
We hold, in stopping his vehicle in the traveled portion of a two lane highway in a heavy dense fog at night without lights burning and providing no protection for other vehicles traveling the highway, the plaintiff is guilty of negligence proximately contributing to the accident, and he is thereby barred from recovering from defendant. Plaintiff was acting in utter disregard of his own safety, and the safety of others, in such action.
The judgment of the trial court in favor of plaintiff is reversed and judgment is rendered in favor of defendant rejecting the plaintiff’s demands at his costs.
Reversed.