YARRUT, Judge.
Plaintiff sues to recover $137.50, alleged to be due him for slate installation work he performed for Defendant. Defendant answered that he was not personally liable because at the time he contracted for the work, he was acting as an agent for a corporation, Woodland West Builders, Inc., and that, in the alternative, Plaintiff’s work was defective. The Defendant failed to appear at the trial as a witness and to offer proof of these allegations. The only testimony offered was that of the Plaintiff.
The trial judge rendered a judgment for the Defendant, giving the following reasons: (1) Plaintiff did not establish how many hours he worked or the rate of pay; (2) Plaintiff testified that he did not know who he was doing business with; (3) Plaintiff did not know the municipal number of the house at which the work was done.
With regard to the first reason, i. e., that Plaintiff did not establish the hourly rate of pay or any other basis upon which the sum sued for was predicated, the Plaintiff did attach to his petition a statement addressed to the defendant at his home, which reads as follows:
“Slate Installation = Von Braun Court = 110 @ 1.25_$137.50”
Admittedly it is unclear whether the “110” indicates the amount of hours worked or the amount of tile used. We do not believe that such ambiguity is fatal to Plaintiff’s case since the statement obviously refers to one or the other. When questioned about this statement, the Plaintiff testified that he did, in fact, send the statement to Defendant and, during the course of the trial, Defendant stated he had no objection to the bill.
The trial judge’s second reason was that, because Plaintiff stated that he did not know whether or not he was doing business with a corporation or an individual, he did not prove his case. However, the Plaintiff did testify that, as far as he knew, he was doing business with the Defendant as an individual; that he had done business personally with him in the past and that, in the instant case, he was contacted by Defendant by telephone. Since Defendant failed to testify we must invoke the rule that, where a party fails to testify to facts obviously within his knowledge and vital in determining the result of the litigation, the presumption arises that his testimony, if adduced, would have been unfavorable. State v. Jahraus, 117 La. 286, 41 So. 575; Gulf States Utilities Company v. Guidry, La.App., 183 So.2d 122; Morello v. Viola, La.App., 66 So.2d 29.
Hence, Plaintiff has the benefit of the presumption that he was doing business with the Defendant as an individual, and not as an agent of an undisclosed corporation.
The trial judge’s third reason for finding for the Defendant was that Plaintiff did not give the exact address of the house at which the work was done. However, Plaintiff did testify that the work was done in the Von Braun Court Subdivision, in Jefferson Parish, and that he was given the lot and square number; that the house in question was next door to a house in the middle of the block, and that the house on which he performed the work was under construction. Because there is no dispute that the work was actually done, we find this description to be adequate.
For the above reasons, the judgment appealed from is reversed and judgment rendered in favor of the Plaintiff for $137.50, with interest from judicial demand, plus all costs in both courts.
Judgment reversed.