LANDRY, Judge.
Plaintiff appeals dismissal of his claims for damages for personal injuries sustained when he fell through the floor of the rear porch of a residence leased from defendant by plaintiff’s sister-in-law, Mabel Tyson.
The principal questions presented on this appeal are procedural. Appellant first contends the trial court erred in holding that the pleadings were enlarged to include the defense of contributory negligence not expressly plead by defendant. It is urged that the trial court erred in ruling that evidence admitted without objection regarding the patently unsafe condition of the porch floor, and which would have been excluded upon timely objection, had the effect of enlarging the proceedings to include the defense of contributory negligence which defendant did not specially plead. Appellant also maintains the lower court erred in applying the doctrine of Falsus in Uno, Falsus in Omnibus (false in one respect, false in all).
The pertinent allegations of plaintiff’s petition are:
“1.
On or about the 11th day of April, 1969, the plaintiff was visiting with Mabel Tyson, his sister-in-law, at the residence located at municipal number 640 East Boulevard, in the city of Baton Rouge, Louisiana, said residence being owned by the defendant Sylvester Williams and leased to Mabel Tyson.
2.
Plaintiff stepped onto the back porch of the Tyson residence and the flooring caved in, causing plaintiff to fall through the floorboarding and resulting in serious, extensive and disabling injuries to himself.
'3.
Upon examination of the wood flooring, plaintiff found same to be rotten and defective and in obvious need of repair on close inspection.
4.
Plaintiff was later informed that Sylvester Williams, the owner of the property, had been previously advised of the defects in the porch and the rotted condition of same, but that he had failed to remedy these vices and defects.”
Defendant’s answer merely denies the foregoing allegations and certain others contained in plaintiff’s petition. The answer does admit defendant’s ownership of *452 the property involved. Defendant’s answer also avers the following-:
“AND FURTHER ANSWERING PLAINTIFFS PETITION, defendant avers that the plaintiff was an uninvited guest upon the designated premises — if in fact he was upon the premises as alleged by him — and in fact was a trespasser upon defendant’s property while under the influence of intoxicants and/or alcoholic beverages and for immoral purposes, all as will be shown on the trial of this cause.”
The answer then concludes with a prayer for dismissal of plaintiff’s claim.
Mabel Tyson, Lessee, testified in essence that she had lived in the rented house for some time and was unaware of any defective condition of the rear porch. She also stated she was not at home when the accident occurred.
Plaintiff, who weighs 256 pounds, testified in substance, that although he visited his sister-in-law frequently, he was unaware the porch was defective or dangerous in any manner. He stated that he went out the back door to get a tire from the garage and install it on an automobile belonging to his sister-in-law. He explained that as he walked upon the porch, his foot went through a rotten board.
Juanita Collins Hayes testified in effect that she had lived across the street from Mabel Tyson prior to the accident. She knew the house was generally in bad condition, and also knew the rear porch was dangerous to walk upon. She stated that plaintiff was aware of the extremely poor condition of the porch. In addition, she testified her mother had pulled one of the floor boards out of the porch floor to create a hole to call attention to the condition of the porch floor.
Defendant’s testimony was that the house was dilapidated to the extent he had requested his tenant to vacate as he did not intend to repair the structure. He stated the house had been condemned and was to be demolished. He also stated that plaintiff was aware of the condition of the house and porch because defendant had informed plaintiff thereof on at least one occasion when he asked plaintiff to find another house for plaintiff’s sister-in-law because she had to move. He also stated the rear steps had rotted away, and someone had placed a concrete block where the steps had been.
Anthony S. Maggio, Building Inspector, testified that he inspected subject premises more than two months prior to the accident. His inspection revealed the residence to be in deplorable condition generally. He found the rear porch had “missing boards, rotted boards, and one large hole in the floor.” He was informed by an occupant that the large hole in the porch floor was caused when the occupant’s leg went through the flooring. Mr. Maggio described the porch floor as “just impassable.” He stated the floor was so bad, he would not walk upon it. Instead, to get to the rear of the premises, he went through the house, out the front door, and around to the back.
Based on the foregoing testimony, the trial court held that plaintiff’s claim was barred by plaintiff’s contributory negligence in venturing to walk on an obviously dangerous porch. The trial court concluded that although defendant failed to specially plead contributory negligence, without objection, evidence was introduced by defendant showing that the porch was patently dangerous to even a casual observer. The trial court held that this evidence enlarged the pleadings, and permitted consideration of the defense of contributory negligence, notwithstanding it had not been specially averred. Application for rehearing was made by plaintiff and granted below. In disposing of the application, the Court reiterated its conclusion that the defense of contributory negligence was raised by an enlargement of the pleadings. Additionally, the trial court found that plaintiff’s demands should be dismissed on the principle of Falsus in Uno, Falsus in Om *453 nibus, inasmuch as plaintiff and his principal witnesses had been shown to have testified falsely in denying prior knowledge of the true condition of the porch floor. Lastly, the trial court concluded the sole proximate cause of the accident was “a 256 pound plaintiff’s attempt to traverse a porch floor which he knew was rotten, dangerous and defective.”
We deem it unnecessary to consider appellant’s contention that the trial court erred in holding that the pleadings were enlarged in this instance by the introduction, without objection, of evidence inadmissible under the pleadings, thus permitting consideration of the unpleaded special defense of contributory negligence.
We find the trial court correctly invoked the equitable principle of Falsus in Uno, Falsus in Omnibus, in rejecting appellant’s demands. Had not the trial court so found, we would have reached the same result pursuant to the authority vested in us by LSA-C.C.P. art. 2164. The cited authority authorizes appellate courts to render any judgment which is just, legal and proper upon the record on appeal. See LSA-C.C. P. art. 2164, footnote (a), Official Revision Comments.
The allegations of plaintiff’s petition indicates beyond doubt that plaintiff’s demand is predicated on alleged defects which were discoverable only upon close inspection and which were unknown to appellant. That this is plaintiff’s basic position is amply substantiated by the nature of the testimony adduced on plaintiff’s behalf. Plaintiff and his witnesses all emphatically denied any prior knowledge of the true condition of the porch floor. Individually and collectively, the tenor of the testimony of plaintiff’s witnesses is that plaintiff was the innocent victim of a condition amounting to a trap to the uninformed. The falsity of this testimony is shown beyond question by the testimony of defendant and his disinterested corroborating witnesses.
We find that the trial court properly rejected in toto the testimony offered on plaintiff’s behalf concerning the circumstances attending the accident. It would indeed be a travesty upon justice to permit recovery for personal injuries predicated upon utterly false testimony regarding the circumstances of the injury producing accident. No court of law or equity could knowingly sanction such a result.
Exercising the power granted pursuant to LSA-C.C.P. art. 2164, we affirm the dismissal of plaintiff’s claim upon finding that plaintiff attempted to establish the merits of his claim by testimony which the evidence discloses to be false.
The judgment of the trial court is affirmed at appellant’s cost.
Affirmed.