LANDRY, Judge.
Plaintiff (Swann), appeals from a judgment in his favor in this action on open account against defendant (Holley). Appellant’s chief complaint is that the trial court erred in allowing defendant credit for certain payments alleged to have been made on the account by check. Appellant’s position is simply that the trial court erred in finding that defendant discharged the burden of establishing payment alleged as a special defense. Additionally, appellant complains that the trial court erred in not rejecting defendant’s testimony in its entirety notwithstanding rejection thereof in part. We affirm.
The record discloses that Swann operates a hardware and building and supply business, and defendant is a building contractor. For years defendant purchased a considerable volume of materials and supplies from plaintiff, and the two were close personal friends. Plaintiff carried substantial balances for defendant on open account on which defendant made periodic payments. In addition, plaintiff loaned money to defendant from time to time.
Plaintiff alleges defendant owes the sum of $4,855.23 on an account encompassing purchases made between February 5, 1968, and October 6, 1969, aggregating $20,276.-29 (including a balance of $2,739.48 due January 31, 1968), subject to credits in the sum of $15,421.06. Plaintiff also maintains that in or about October, 1969, an agreement between the parties was reached as to the amount then due by defendant and said account, referred to by plaintiff as defendant’s “personal account”, was closed. According to plaintiff, it was also then agreed that separate accounts would be thereafter kept for each of defendant’s individual jobs with the understanding that each such account would be fully liquidated by defendant upon completion thereof. Plaintiff concedes that approximately 18 separate accounts were opened, all of which have been fully liquidated by defendant. Swann concedes that the entire amount sought herein represents the balance due on defendant’s closed personal ac count.
*480 Conversely, defendant denies an agreement to close his personal account, and contends that the entire balance sought by plaintiff was extinguished by a check in the amount of $3,390.86 given plaintiff on January 22, 1970.
The account in question shows a series of invoices for goods furnished and payments made on the account. In support of his defense of payment, Holley introduced ten checks issued by defendant to plaintiff, none of which were credited as paym'ent on either defendant’s closed accounts or any of the several separate accounts. Seven of these checks, aggregating $4,119.33, were allowed as credit by the trial court, leaving a balance of $735.90. We note that the trial court incorrectly found a balance of $735.99, and rendered judgment for that amount. Defendant has neither appealed nor answered plaintiff’s appeal, consequently, we are unable to amend the judgment to correct the trial court’s arithmetical error. Three additional checks, two in the amount of $1,000.00 each and one for $525.00, were disallowed as credits upon the finding that one of the $1,000.00 checks was cashed by plaintiff for defendant, and the remaining two checks were repayments of loans made to defendant by plaintiff.
As correctly contended by plaintiff, the party relying upon payment as a defense bears the burden of proving payment. People’s Furniture Company v. Harris, La.App., 142 So. 878; Ford v. Clark, La.App., 203 So.2d 775.
We find no error in the trial court’s disallowance of credit for the two checks for $1,000.00 and the one for $525.-00. In this regard, we note the testimony of plaintiff and his accountant, Jewell Moran, to the effect that these checks represented repayment of loans made to defendant in amounts of $1,000.00 and $500.-00, and a cash advance of $25.00 when defendant paid the $500.00, and the cashing of a $1,000.00 check for defendant. Although defendant refuted this testimony, the trial court accepted the testimony of plaintiff’s witnesses, especially in view of Mrs. Moran’s testimony that one of the $1,000.00 checks bears an identifying “C” indicative of the fact that it was cashed and not received as payment on account.
Mrs. Moran testified that it was the practice of the accounting department to mark all checks received in payment on account with an “A”, and to mark checks cashed for customers with an identifying “C”. When presented the seven checks totaling $4,119.33, received from defendant, none of which bore any identification mark whatsoever, Mrs. Moran could only explain this circumstance by attributing it to an “oversight.” Neither Mrs. Moran nor plaintiff contended that any of these seven checks were in payment of loans made to defendant or were merely cashed for defendant. Holley, of course, maintained these seven checks were payments on account which were never credited. Obviously the trial court accepted defendant’s testimony to the effect that the seven checks were payments on account. Considering neither defendant’s closed account, nor any of the subsequent special accounts, were credited with these seven payments, we find no error in the trial court’s determination that defendant is entitled to credit therefor on the closed account.
All of the foregoing findings of the trial court were on issues purely factual in nature. It is well established that the findings of the trier of fact will not be disturbed unless shown to be manifestly erroneous. United States Fidelity and Guaranty Co. v. Hyams, La.App., 238 So.2d 750. We find no error whatsoever in any of these factual determinations.
Relying on Luke v. Williams, La.App., 255 So.2d 450; Foster v. Employers Liability Assurance Corp., La.App., 187 So.2d 12; Wheeler v. Turlich, 176 La. 301, 145 So. 546; Gambino v. Duplessis, La.App., *481 138 So.2d 868, and Dixie Homestead Association v. Schmitt, La.App., 181 So. 218, plaintiff maintains the trial court erred in not rejecting defendant’s testimony in toto regarding all checks allegedly representing payment on defendant’s account. In this regard, plaintiff argues that since the trial court rejected defendant’s testimony to the effect that the three disallowed checks represented payments on account, defendant’s testimony should have been rejected in its entirety. So contending, plaintiff urges that the credit of $4,119.33 allowed by the trial court should be denied on the principle of falsus in uno falsus in omnibus.
We have examined each of the cited authorities and find that they do not require that a witness’ testimony be rejected in its entirety upon the finding that a portion thereof is discredited. Application of the rule falsus in uno falsus in omnibus is a matter within the discretion of the trier of fact. Its pertinence in a given matter does not ipso facto require rejection in toto of a witness’ testimony. The weight to be given a witness’ remaining testimony is a matter to be determined by the trier of fact in the light of the circumstances of each individual case. In this instance, the trial court found that defendant’s confusion regarding the status of the account and the checks tendered in payment thereof stemmed in part from the facts that defendant’s original records had been destroyed in a fire, and that the checks produced by defendant were copies furnished by defendant’s bank from its microfilm records. The trial court did not see fit to reject defendant’s testimony in its entirety. We find no error in this regard considering that the portion of defendant’s testimony accepted by the trier of fact was corroborated by other evidence.
The judgment of the trial court is affirmed at appellant’s cost.
Affirmed.