BLANCHE, Judge.
This is a motion to dismiss a part of plaintiff’s answer to the defendant’s appeal. We accept the chronology of events as set forth in the brief by defendant in his statement of the case as follows:
“The plaintiff sought a separation of bed and board, custody of the child of the marriage, and alimony pendente lite for herself and for the child. The defendant reconvened for a separation of bed and board.
“After trial, the court handed down written reasons on March 22, 1973 (Tr., p. 71) in which the court denied plaintiff’s prayer for a separation of bed and board, but granted defendant’s reconven-tional demand for a separation of bed and board. These reasons fixed custody of the child with plaintiff, subject to 'reasonable visitation’ by defendant, and fixed $1,500.00 per month alimony. Judgment on these written reasons was signed in open court on April 3, 1973 (Tr., p. 72). The judgment did not provide that the separation of bed and board decree would be held in abeyance. The delays within which said judgment on the issue of separation of bed and board could have been appealed expired on May 9, 1973.
“On March 29, 1973, which was prior to the signing of said judgment on April 3, 1973, defendant had filed a rule for a ‘partial’ new trial ‘with respect to the right of visitation’ and ‘with respect to the alimony pendente lite.’ This ‘partial’ new trial was granted and heard on April 26, 1973, after which a judgment was signed on May 11, 1973 fixing the visitation right, dividing the alimony for plaintiff and the child and incorporating therein the statement of the court relative to not holding defendant in contempt. Defendant only appealed from the said judgment signed in open court on May 11, 1973, which only decided the issues of custody and alimony. Defendant’s appeal was taken May 24, 1973. Plaintiff now seeks by an answer to defendant’s appeal to have this court review the judgment of separation, [but] the time for appeal has long since expired.”
Because there was no provision in the judgment signed in open court on April 3rd that the judgment on the issue of separation was to be held in abeyance, defendant argues that the judgment became final as to the sole issue adjudicated by that judgment, since neither the plaintiff nor the defendant has appealed from the same. Therefore, it is argued that the answer to the appeal from that judgment should be *267 dismissed, as the only judgment appealed from was a judgment of May 11 which dealt solely with the issues of custody and alimony. Article 1971 of the Code of Civil Procedure seemingly supports that contention, as it provides:
“A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.”
We note the case of Thurman v. Star Electric Company, Inc., La., 283 So.2d 212 (1973),[1] and are of the opinion that it would be dispositive of the case before us except for one distinguishing feature, i. e., the procedural posture of the case. In Thurman the respondent in the motion to dismiss actually appealed from the judgment, whereas in the case before us the respondent did not appeal any of the judgments but merely filed an answer to the mover’s appeal.
An answer to an appeal is equivalent to an appeal on appellee’s part from any portion of the judgment rendered against him. Code of Civil Procedure Article 2133.[2] The only judgment appealed by the defendant is the judgment relating to the issue of alimony and visitation. Under the authority of the foregoing article, should plaintiff have any complaint as to any portion of that judgment rendered against him, he may have it reversed on appeal by means of an answer to the appeal.
The judgment granting the separation to defendant was in his favor and hence there was no necessity that he appeal a judgment in his favor. That judgment became final in the absence of an appeal of the same by the plaintiff. We agree that plaintiff’s answer to defendant’s appeal did not bring before the Court a judgment which the defendant did not appeal.
The foregoing considered, the motion to dismiss that part of plaintiff’s answer to the appeal relating to the issue of the separation from bed and board is dismissed, at plaintiff’s cost.
Part of answer to appeal dismissed.

. The Thurman case considered the applicability of Article 1971 of the Code of Civil Procedure and held that the literal provisions of that article were simply not workable and should only be used when the appellate courts could make a final determination of separate issues. In so holding, it further stated that the article was designed to mesh with Code of Civil Procedure Article 1915, which provides for appeals from certain judgments that decide some, but not all, the issues.

. Article 2133 of the Code of Civil Procedure provides:
“An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an ap-pellee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appellee’s action.”