374 So.2d 189 (1979)
Septer PAYNE, Jr., Brenda Smith and Vera Reed
v.
NEW ORLEANS PUBLIC SERVICE, INC. and Byron Gay.
No. 10240.
Court of Appeal of Louisiana, Fourth Circuit.
August 1, 1979.
*190 Rodney P. Vincent, New Orleans, for plaintiffs-appellees.
Floyd F. Greene, New Orleans, for defendants-appellants.
Before SAMUEL, LEMMON and GARRISON, JJ.
SAMUEL, Judge.
Plaintiffs, the driver of an automobile and his two guest passengers, filed this suit for personal injuries sustained in a collision between that vehicle and a streetcar. Named as defendants are New Orleans Public Service, Inc., the owner of the streetcar, and its employee, Byron Gay, the motorman.
The two defendants answered in the form of a general denial, alternatively pleaded contributory negligence and, also alternatively in the event of an adverse judgment, filed a third party demand against Septer Payne, Jr., the plaintiff driver, for indemnity and/or contribution.
Following trial, there was judgment on the main demand against the two original defendants, in solido, and in favor of the guest passengers, Brenda Smith in the sum of $3,504.84 and Vera Reed in the sum of $2,264.27, and against the plaintiff driver, Septer Payne, Jr., dismissing his demands against the two original defendants, and judgment on the third party demand in favor of New Orleans Public Service, Inc. and Gay against Payne in the sum of $2,884.56.
The two original defendants have appealed from the judgment on the main demand, and Payne has answered the appeal seeking reversal of the judgment against himself on the third party demand and also seeking judgment in his favor on the main demand.
The basic question for our determination is the correctness of the trial court's conclusion that the operators of both vehicles were negligent.
These facts are not in dispute: The accident occurred in the early evening (between 7 and 8 p.m.) of October 30, 1976 in the neutral ground of St. Charles Avenue at Fourth Street in the City of New Orleans. The headlights of both vehicles were on. At this intersection Fourth is a one-way street for vehicles traveling (north) toward the lake and St. Charles is separated by a wide neutral ground, with two lanes reserved for traffic traveling (east) toward Canal Street, and two lanes reserved for traffic traveling (west) away from Canal Street. The neutral ground contains two sets of tracks for streetcars traveling to and from Canal Street.
The plaintiff vehicle was on Fourth. After stopping at a stop sign, it proceeded to cross St. Charles. It had crossed the two St. Charles lanes reserved for automobile traffic traveling toward Canal Street and the set of streetcar tracks for streetcars traveling in the same direction, and had come to a stop, with the rear of the vehicle on the second set of tracks, when the collision occurred. The streetcar was proceeding on St. Charles on plaintiffs' right, going toward Carrollton Avenue (away from Canal Street). It struck the plaintiff vehicle on the latter's right rear fender.
Testimony relative to the occurrence of the accident was given by the three original plaintiffs and the defendant motorman.
Payne, the driver of the plaintiff automobile, testified he was driving a 1967 or 1968 Pontiac. While he was stopped at the stop sign prior to entering St. Charles he saw the trolley stopped a block away on Third Street. He waited while three automobiles passed before starting to cross St. Charles. As he started across, the trolley started. Plaintiff driver estimated his speed at 20 miles per hour. He thought he had plenty of time to get across, but he was forced to *191 stop on the second set of tracks because of heavy automobile traffic proceeding up St. Charles. When he first got onto the neutral ground the trolley was about one-quarter block away, he inched his way into the St. Charles roadway and was able to get about two feet into the street, but the automobiles traveling on St. Charles would not let him cross. Instead, they drove around his automobile sitting partly in the roadway. Although the streetcar was going slowly, it struck his car on the right rear fender causing $119 in damages.
The two guest passengers, Smith and Reed, added little of material value to Payne's testimony. Smith did not see the streetcar until, apparently approximately, "it hit", although the general tenor of her testimony is to the effect that the collision occurred shortly, or very shortly, after the plaintiff vehicle had come to a stop on the tracks. Reed testified she first noticed the streetcar when it was moving "sort of" slowly "middle ways down the block", but she was unclear as to where the automobile was when she first noticed the streetcar and she admitted she did not know how long the plaintiff automobile had been stopped on the tracks prior to the accident.
Gay, the defendant motorman, testified: He first saw the plaintiff vehicle stopped on Fourth at the stop sign when the streetcar was between Third and Fourth Streets. At that time the streetcar was traveling 15-30 miles per hour. Expecting it to stay stopped, he did not keep his eyes on the car; instead, he watched the tracks and looked in his mirror to watch for other vehicles turning. However, he applied his brakes in case the plaintiff vehicle did come across. He next saw the automobile when it was in the intersection. When the car was 10-15 feet from the streetcar he rang the bell. He was of the opinion plaintiff could have continued to cross the street because there was no traffic in the other roadway.
The trial court found the defendant motorman was negligent in his operation of the streetcar, particularly in failing to see the plaintiff vehicle on the tracks and failing to stop, which contributed to and proximately caused the accident. The trial court was of the further opinion the plaintiff driver, Payne, was negligent in failing to see the streetcar and maintaining proper control of his vehicle. The negligence he attributed to Payne consisted of proceeding to cross the neutral ground when the streetcar was one-quarter block away and pulling in front of the streetcar at a time when it was extremely doubtful he could make it all the way across the neutral ground.
In this court appellants argue the trial court had to believe and accept the testimony of either the plaintiff driver or the defendant motorman and render judgment accordingly. We disagree with that argument. Testimony given by the two witnesses is directly conflicting regarding material facts. However, the trial court need not accept all of the testimony of any witness as being true or false. He can, and in many instances must, believe and accept part or parts of a witness' testimony and disbelieve and refuse to accept any part or parts thereof. Basically, this is a matter of credibility, a matter which is particularly within the discretion of the trial court.
Nor do we agree with appellants' further argument that the motorman was not negligent because streetcars by their nature are not able to stop with the same abruptness and effectiveness of an automobile, and that the plaintiff automobile pulled in front of the streetcar when there was insufficient time and space for the streetcar to stop and avoid the collision. As apparently found by the trial court, the motorman could have avoided the accident if he had been keeping a proper lookout.
In this case there is a reasonable basis for the trial court's conclusion that both the plaintiff driver and the defendant motorman were guilty of negligence which proximately caused the accident in suit. If that driver and motorman had each acted with proper care the accident would not have occurred.
There appears to be a serious question as to whether Payne's answer to the original defendants' appeal properly brings before *192 this court the matters complained of and the relief sought in that answer, reversal of the judgment on the main demand as to Payne and reversal of the judgment on the third party demand.[1] However, because we find no abuse of his discretion in the trial court's conclusion as to negligence on the part of both the plaintiff driver and the defendant motorman, a consideration of that question is unnecessary.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] Nelson v. Nelson, La.App., 311 So.2d 265.