GULOTTA, Judge.
In these consolidated suits, arising out of a three vehicle-two collision case, two of the three drivers appeal from adverse judgments. Quantum is not an issue. We affirm.
The collisions occurred on the rainy afternoon of May 4,1979, in the three eastbound lanes of 1-10 between the Elysian Fields and Louisa Street exists. An automobile driven in the right lane by Derosie Smith Watson collided with a pickup truck driven in the middle lane by Betty Manis. After a sideswiping impact between the right front *361 fender of the truck and the left rear fender of the car, the truck spun into the left lane, where it collided head-on with an oncoming taxicab driven by Edward Johnson, Sr. Beulah Veals, a passenger in the cab, was injured.
The cab passenger filed suit against the three drivers and the insurers of the truck and the cab.[1] The truck driver filed third party claims for damages and indemnification against the other drivers, the cab owner, and all insurers involved, including her own uninsured motorist carrier. In a separate action, the cab driver sued the other drivers and the truck driver’s insurer. The suits were consolidated.
After trial on the merits, the trial judge awarded damages in favor of the cab passenger and against the uninsured driver and the insurers of the truck and the cab, in solido. All reconventional and third party demands were dismissed. In a separate judgment, the trial court dismissed the cab driver’s suit.
In written reasons for judgment, the trial judge concluded that the concurrent negligence of the automobile driver and the truck driver had caused the sideswiping impact (first collision) resulting in the spinning of the truck into the path of the cab in the left lane where the cab driver’s negligence (in failing to avoid hitting the truck) was also a concurring proximate cause of the second collision. According to the trial judge, the contributory negligence of both the cab driver and the truck driver barred either’s recovery.
Appealing, the truck driver claims the trial court erred: 1) in admitting the testimony of a witness and a photograph that were not disclosed in pre-trial discovery; 2) in failing to exonerate the truck driver from fault in the truck/car collision based on the testimony and physical evidence; and 3) in dismissing the truck driver’s claim against the cab driver and cab owner in the truck/cab collision.
The cab driver, also appealing, claims the trial judge erroneously found him contribu-torily negligent. The cab passenger, the uninsured driver of the car, and the insurers of the truck and cab have not appealed.
EVIDENTIARY COMPLAINTS
At the outset, we reject the truck driver’s contention concerning the admissibility of the testimony and the photograph. The truck driver claims that witness Pamela Vance was not named by the cab passenger in response to an interrogatory requesting the identity of witnesses intended to be called at trial and, therefore, should not have been allowed to testify. Our examination of the record discloses, however, that Vance is listed as a witness both in the cab passenger’s answers to the interrogatories and in her pre-trial statement. Accordingly, there are no grounds for excluding her testimony.
Over Manis’ (truck driver’s) objections, the cab passenger introduced a photograph of damage to the automobile involved in the accident. The truck driver contends the trial judge erred in admitting this photograph because of the passenger’s negative response to an interrogatory requesting a description of “any photograph, blueprint, diagram or ... drawing or sketch of the accident scene or the surrounding area made, taken or prepared by you or on your behalf.” The trial judge admitted the photograph for the limited purpose of showing the damage to the car involved as an “aid to the Court” that was “not conclusive of anything”. Under these circumstances, error, if any, resulted in no prejudice to Manis, when the evidence is considered in its entirety.
We now turn to the arguments raised by the truck driver and the cab driver concerning the trial judge’s evaluation of the physical evidence and the conflicting testimony.
FIRST COLLISION
Manis, the truck driver, testified that she was traveling in the middle lane of 1-10 East when Watson’s automobile moved from the right lane without warning, and *362 struck her twice, causing it to spin around into following traffic in the far left lane.
On the other hand, Watson, the driver of the car involved, testified that she was entirely in the right eastbound lane when the front of Manis’ truck invaded her lane and hit the rear fender of her car on the driver’s side. Watson did not observe the second collision between the cab and the truck.
Watson’s version of the accident was corroborated by her co-worker, Pamela Yance, who was following in the right lane. Vance testified that the truck in the center lane acted as if it were trying to get in front of Vance and behind Watson in the right lane. By the time Vance blew her horn to warn Watson, the truck’s right fender had hit the left rear of Watson’s car, causing the truck to skid towards the left and Watson towards the right.
Confronted with this conflicting evidence in the first collision, the trial judge applied the burden of proof set forth in Poche v. Frazier, 232 So.2d 851 (La.App. 4th Cir. 1970), writ denied 256 La. 266, 236 So.2d 36 (1970), which holds that, where an innocent third party is injured in an automobile accident, there is a presumption of negligence on the part of the drivers and each has the burden of exculpating himself from negligence. See also Eason v. Hartford Accident & Indemnity Co., 327 So.2d 187 (La. App. 2nd Cir.1976); Michel v. State Farm Mutual Automobile Ins. Co., 314 So.2d 535 (La.App. 1st Cir.1975).
The trial judge noted that the testimony of the truck driver and the car driver was conflicting and irreconcilable, that neither party had been impeached concerning an invasion of the other driver’s lane, and that the physical evidence did not establish “that the impact occurred in the middle lane as opposed to the right lane or vice versa.” Applying the Poche burden of proof, the trial judge thus concluded that both drivers had failed to exculpate themselves from negligence and that their concurrent negligence had caused the truck to spin around and stop in the left lane. We cannot say the trial judge erred.
We find no merit to the truck driver’s argument that she gave the most “consistent and credible” version of the truck/car collision and that the trial judge should have disregarded Watson’s testimony because of inconsistencies. Although Watson’s in-court description of the position of the vehicles conflicted with that given in her earlier deposition, she asserted that her best recollection of the accident was her testimony at trial and that she had made mistakes at the deposition because she had been upset.
The trial court is not required to accept all of the testimony of any witness as being true or false, and may believe or disbelieve any portion of that testimony. See Payne v. New Orleans Public Service, Inc., 374 So.2d 189 (La.App. 4th Cir.1979); Holmes v. Southeastern Fidelity Ins. Co., 422 So.2d 1200 (La.App. 1st Cir.1982), writ denied 429 So.2d 133 (La.1983); Taylor v. Board of Levee Com’rs Tensas Basin L.D., 332 So.2d 495 (La.App. 3rd Cir.1976). Watson’s entire testimony need not be disallowed simply because of these inconsistencies.
We likewise reject the truck driver’s contention that the physical evidence precludes a finding that both drivers were concurrently negligent. The truck driver argues that if Watson’s version were true, then: the right side or immediate front of the truck should have been damaged instead of the right front wheel well; Watson’s bumper should have been pushed in instead of pulled out as shown in the photographs; and the truck would have ended up partially in the middle and right lane or completely in the right lane instead of the left lane. Further, according to the truck driver, she could only have been hit from the right by Watson to spin counterclockwise into the left lane. We disagree.
The evidence indicates that the truck and the car could very well have drifted into each other’s lane to bring about the collision, the resultant spinning of the truck, and the damage shown in the photograph. The theory advanced by Manis is of no assistance in determining whether the *363 car invaded her lane. We note, further, that the truck driver’s theory of the accident based on the physical evidence is not supported by the testimony of any expert in accident reconstruction.
SECOND COLLISION
The cab driver, Edward Johnson, Sr., testified he was driving 50-55 mph in the left eastbound lane and watching the traffic when he first saw a truck spinning towards him at an angle 20-25 feet away. According to his version, he could not avoid the collision and the truck did not stop before hitting him.
Beulah Veals, the cab passenger, testified that she had not seen the prior truck/car collision. She looked up and saw the spinning truck hit the median barrier before colliding with the cab.
According to Vance (the following motorist in the right lane), the truck did not stop before colliding with the cab ten to fifteen seconds later in the left, median lane after the truck/car collision.
According to Manis, after coming to a stop in the left lane, she saw a cab approaching her partially in the left and middle lanes 100 to 125 yards away. She testified that as the cab drew closer, she “never saw” the cab driver “look up”. According to Manis, six or eight cars had safely passed around her before the cab struck her head-on.
In the second collision, faced with conflicting versions by the truck driver and cab driver, the trial judge concluded the cab driver’s negligence was also a concurring proximate cause of the accident. The trial judge reasoned the truck driver had come to a stop in the left lane and the cab driver could have avoided the collision had he maintained a proper lookout.
The evidence considered, we find no error in the factual conclusions of the trial court. We cannot say his evaluation of the credibility of the witnesses is clearly wrong or that he erred, as a matter of law, in applying the burden of proof of the Poche case, supra, to find all three drivers liable to the innocent injured passenger. See also Rizley v. Cutrer, 232 La. 655, 95 So.2d 139 (1957).
Because we find no error in the trial judge’s credibility determination concerning both collisions, we find no merit to the cab driver Johnson’s contention that the trial court erred in finding him contributorily negligent in the truck/cab collision. The cab driver argues that the court considered only the conflict between his and the truck driver’s testimony, and failed to give proper weight to the testimony of the cab passenger and the following motorist, Vance, in support of the cab driver’s version of the accident.
The trial court simply evaluated the credibility of the differing versions of the truck/cab collision and concluded that there would have been sufficient time for the cab driver to avoid hitting the truck by either slowing down and stopping or changing lanes, had he kept a proper lookout. Although Vance’s testimony corroborates the cab driver’s assertion that the spinning truck had not stopped before impact with the cab, the trial judge discredited Vance’s testimony because of prior inconsistent statements. Similarly, although the cab passenger testified that she had seen the truck spinning, she could not remember if the truck spun into the cab. Under these circumstances, we find no error in the trial judge’s conclusions, based on credibility, that the cab driver was contributorily negligent in the truck/cab collision.
Finally, we reject the truck driver’s contention that the trial court erred in concluding her concurrent negligence in the truck/car collision barred her from recovery in the truck/cab collision. Relying on the doctrine of last clear chance, the truck driver argues that the cab driver could have avoided the collision in the left lane, and that it was manifest error not to make a separate judgment in her favor in this separate accident.
Although the doctrine of last clear chance entitles a negligent party to recover under certain circumstances, it does not ap *364 ply where the negligence of both drivers is almost simultaneous and neither is in a better position to prevent the accident. See Walker v. Milton, 263 La. 555, 268 So.2d 654 (1972); Johnson v. Wilson, 239 La. 390, 118 So.2d 450 (1960); Flournoy v. Otero, 212 So.2d 559 (La.App. 3rd Cir.1968).
Based on Manis’ version of the accident, the trial judge concluded that the cab driver could have avoided the collision by maintaining a proper lookout. Nonetheless, this finding of the cab driver’s negligence does not compel application of the doctrine of last clear chance. Indeed, the truck driver testified that she did not really know how long she had been stopped in the left lane and that it “could have only been seconds” before the cab struck her. This testimony supports a conclusion that both collisions occurred in a short span of time so as to constitute essentially one continuous accident and that neither concurrently negligent driver had the last clear chance to avoid the impact.
Accordingly, the judgment is affirmed.
AFFIRMED.

. Watson, driver of the car involved, was uninsured.