572 So.2d 779 (1990)
Tracy Shaw ANGLIN, etc.,
v.
Sylvia White Wife of/and James R. WHITE, etc.
No. 90-CA-0237.
Court of Appeal of Louisiana, Fourth Circuit.
December 20, 1990.
*780 Henry Leon Sarpy and John A. Kopfinger, Jr., New Orleans, for defendants-appellees.
Catherine Leary and Donald F. deBoisblanc, New Orleans, for plaintiffs-appellants.
Before GARRISON, BYRNES and WILLIAMS, JJ.
BYRNES, Judge.
Tracy and Michael Anglin appeal the dismissal of their personal injury action for injuries suffered by Tracy Anglin when she inhaled a substance from an unmarked container. The trial court found that the plaintiffs failed to show that the defendants were negligent by a preponderance of the evidence. We affirm.
After they were married, Tracy and Michael Anglin lived with her grandmother, Florence Friere, in St. Bernard, Louisiana, in a home owned by the defendants, Tracy's aunt, Sylvia White, and her husband, James R. White. The plaintiffs moved away for approximately six months before returning to reside with Mrs. Friere, who was ill with lung cancer. While the Anglins were away, Mrs. Friere was in the hospital when the freezer broke and food spoiled in her vacant residence in the summer of 1986. Tracy's aunt, Henrietta Friere Montelongo, discovered the problem when she went to the house to cut the grass. Ms. Montelongo undertook the first cleanup that day, and the next day, Sylvia White cleaned again.
In April, 1987, approximately three months after the plaintiffs again moved in to live with her grandmother, Tracy was going to wash laundry when she noticed that the box of laundry detergent was empty *781 next to the washing machine. Seeing a container on the shelf above the washing machine, Tracy took it down, unscrewed the top, inhaled the contents, and passed out. Taken to the hospital in an ambulance, Tracy was hospitalized for five days.
Mr. and Mrs. Anglin sued Sylvia White, James White, and their insurer, Metropolitan Property and Liability Insurance Company, alleging that Mrs. White was negligent for leaving powdered chlorine in Mrs. Friere's home in an unmarked container when Mrs. White cleaned. Pursuant to a bench trial on September 12, 1989, the trial court entered a judgment on November 20, 1989, in favor of the defendants and dismissed plaintiffs' suit at their costs.
On appeal, plaintiffs argue that the trial court erred in: (1) failing to give plaintiffs the benefit of an evidentiary presumption; and (2) failing to find that Mrs. White was negligent for leaving the unlabeled container of chlorine in the home.
Plaintiffs contend that because in his reasons for judgment, the trial judge found that Sylvia White brought chlorine into the Friere residence in a bucket, the court determined that Sylvia White misrepresented the facts because she testified that she did not bring chlorine into the house but used cleansers already there. Plaintiffs assert that Mrs. White's failure to testify accurately as to the facts created a presumption that her testimony would favor the plaintiffs in that Mrs. White placed the chlorine in the unlabeled bottle which Tracy Anglin opened.
A presumption is a consequence that the law or the court attaches to a known fact for the purpose of establishing the existence of another or unknown fact. LSA-C.C. Art. 1849. When a defendant in a civil case can by his own testimony throw light upon matters at issue, necessary to his defense and particularly within his own knowledge, and fails to go upon the witness stand, the presumption is raised, and will be given effect, that the facts, as he would have them, do not exist. Davis v. Meyers, 427 So.2d 648, 649 (La.App. 5th Cir.1983); England v. Nunn, 215 So.2d 524, 525 (La.App. 4th Cir.1968); Merchants Trust & Sav. Bank v. Olano, 512 So.2d 1218, 1221 (La.App. 5th Cir.1987). However, Mrs. White testified at trial. The application of the rule falsus in uno, falsus in omnibus is a matter within the discretion of the trier of fact; its pertinence in a given matter does not ipso facto require rejection in toto of the testimony of the witness. The weight to be given a witness' remaining testimony is a matter to be determined by the trier of fact in light of the circumstances of each individual case. Swan v. Holley, 263 So.2d 478 (La. App. 1st Cir.1972); Veals v. Manis, 437 So.2d 359 (La.App. 4th Cir.1983), writ denied, Johnson v. Manis, 441 So.2d 1222 (La.1983).
Impeachment destroying the witness' credibility will not supply the essentials of a case. Globe Indem. Co. v. Richerson, 315 F.2d 3 (5th Cir.1963). In a tort action, negligence is never presumed and plaintiff bears the burden of establishing his claim to a legal certainty by a reasonable preponderence of the evidence. Mere possibilities and even unsupported probabilities are insufficient to support a judgment. Pool v. Missouri Pacific R. Co., 541 So.2d 969 (La. 2nd Cir.1989) writ denied, 543 So.2d 10 (La.1989). Plaintiffs fail to show that they should benefit from an evidentiary presumption.
In considering plaintiffs' contention that Mrs. White was negligent, a review of the record indicates that Tracy's mother, Joycelyn Shaw, testified that after her sister, Henrietta Montelongo, found and cleaned the broken freezer and surrounding area, Mrs. Shaw went to Mrs. Friere's home the next day. At that time, Mrs. Shaw observed her other sister, Sylvia White, cleaning with what looked like chlorine in an open bucket marked with a Blue Wave Oyster Company label. When Mrs. White said she was leaving some chlorine in case the smell came back, Mrs. Shaw last saw the chlorine in the oyster bucket. Mrs. Shaw also related that her mother-in-law, Marion Savoie [Savoy], cleaned up after Mrs. Friere returned to her residence.
Sylvia White admitted that she used HTH chlorine to clean at her husband's *782 oyster business and around their pool at home. Mrs. White stated that she told Mrs. Montelongo that Mrs. White was going to bring chlorine to Mrs. Friere's home; however, Mrs. White testified that she did not bring chlorine to Mrs. Friere's residence and did not place it in the plastic container with the yellow top which Tracy Anglin found.
At trial, Tracy Anglin's Aunt, Henrietta Montelongo, testified that she currently worked with Mrs. White at the Blue Wave Oyster Company. Mrs. Montelongo thought Mrs. White told her that she was going to take chlorine to clean the broken freezer and house to get rid of the smell. Mrs. Montelongo usually cleaned Mrs. Friere's residence but she did not see chlorine or detect a chlorine odor on any of the subsequent occasions when she cleaned. Mrs. Montelongo testified that she and her sisters would buy household products and leave them at Mrs. Friere's home but Mrs. Shaw and Mrs. White did not usually clean. Mrs. Montelongo related that Mrs. Friere had previously worked at the Blue Wave Oyster Company. Mrs. Friere would cook and use plastic tubs and other containers, as well as Blue Wave containers.
Tracy Anglin testified that although Mrs. Friere did not clean because of her illness, she did some shopping and occasionally washed her laundry. Tracy had not seen chlorine in the house and had not seen the plastic container with the yellow top prior to the incident. Michael Anglin related that he never saw the container in Mrs. Friere's house.
Plaintiffs argue that even if a third party transferred Mrs. White's chlorine from the bucket to the clear plastic container, she was not relieved of liability. They contend that the fact that Mrs. White left the chlorine in the bucket is negligence per se as a violation of Louisiana law prohibiting storage of poison in unlabelled containers. LSA-R.S. 40:951-953; Pierre v. Allstate Insurance Company, 242 So.2d 821, 831 (La.1970).
Although the trial judge found that Mrs. White left chlorine in the house, in his reasons for judgment, the trial judge stated:
"The plaintiffs were unable to show any subsequent connection between Sylvia White and the chlorine, and could not link her with the unmarked, uncapped bottle of chlorine in the washroom. The evidence presented only allows the court to speculate as to whom may have placed it in the unmarked bottle, especially in the light of the fact that Sylvia White did not live in the house."
Too many factors, (including the length of time in which a number of people cleaned and brought in household products as well as groceries), intervened to establish that the chlorine that Mrs. White left at Mrs. Friere's house was the same chlorine that was in the yellow topped container which Tracy Anglin found.
To succeed in a tort action, plaintiff must prove all the elements of his claimsnegligence, cause, and injuryby a preponderance of the evidence. Wisner v. Illinois Cent. Gulf R.R., 537 So.2d 740 (La.App. 1st Cir.1988), writ denied 540 So.2d 342 (La.1989). Proof of negligence may be established by direct or circumstantial evidence but the party relying upon circumstantial evidence bears his burden of proof only if the evidence, taken as a whole, shows that defendant's fault is the most plausible cause of the damage and no other factors can reasonably be ascribed as the cause. Pool v. Missouri Pacific R. Co., 541 So.2d at 973-974. Legal cause of injury for negligence purposes requires a proximate relation, substantial in character, between the actions of the defendant and the harm which occurs. Alford v. Estate of Zanca, 552 So.2d 7 (La.App. 5th Cir.1989).
Causation for negligence purposes is a question of fact as to which the trial court's determinations are entitled to great weight and cannot be disturbed absent manifest error. Alford v. Estate of Zanca, 552 So.2d at 13; Youngblood v. Sanders, 513 So.2d 521, 522 (La.App. 2nd Cir.1987). Where there are two permissible views of the evidence, the fact finders's choice between them cannot be manifestly erroneous *783 or clearly wrong. Rossell v. Esco, 549 So.2d 840 (La.1989). We conclude that the trial judge was not wrong in finding that plaintiffs failed to establish a causal link between the chlorine that Mrs. White left and the chlorine that Tracy Anglin found by a preponderance of the evidence.
Accordingly, we affirm the dismissal of plaintiffs' action at their costs.
AFFIRMED.