898 So.2d 512 (2005)
Sheldon ANDRUS
v.
Aaron SANCHEZ, Dennis J. Sanchez and State Farm Mutual Automobile Insurance Company.
No. 04-CA-1063.
Court of Appeal of Louisiana, Fifth Circuit.
February 15, 2005.
Cesar J. Vazquez, Cesar J. Vazquez & Associates, Kenner, LA, for Plaintiff/Appellee.
Patrick D. DeRouen, Laurie L. DeArmond, Porteous, Hainkel & Johnson, LLP, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
THOMAS F. DALEY, Judge.
The defendants have appealed the trial court's judgment in favor of plaintiff in this personal injury suit arising from an automobile accident. For the reasons that follow, we affirm.

*513 FACTS:
The plaintiff, Sheldon Andrus, testified that on February 26, 2002 he was driving a 1992 Nissan Quest when he was rear-ended by a 1990 Ford Bronco while stopped on Roosevelt Boulevard at the intersection of Veterans Boulevard. He described the impact as "hard". Mr. Andrus testified that he spoke to the driver of the Bronco, Aaron Sanchez, and they decided not to call the police, but did exchange insurance information. Mr. Andrus explained that he called State Farm, Mr. Sanchez's insurer, and was told that Mr. Sanchez had already reported the accident. Mr. Andrus stated that he took his vehicle to the shop recommended by State Farm and that State Farm paid an estimated $2,400.00 to $2,600.00 in property damage for the vehicle.
Following the accident, Mr. Andrus experienced pain in his neck, left shoulder, and left jaw. He sought treatment from Dr. Robert Dale at River Parish Chiropractic. Mr. Andrus testified that he was treated by Dr. Dale for approximately three months at which time his pain resolved.
On cross-examination, the defendant's attorney brought out several inconsistencies between Mr. Andrus' deposition testimony and documents obtained through discovery. These documents related to other lawsuits that Mr. Andrus was involved in, criminal proceedings brought against Mr. Andrus, and complaints made against Mr. Andrus while he was an insurance agent.
Aaron Sanchez testified that he had followed Mr. Andrus for several blocks on Roosevelt Boulevard. Mr. Sanchez testified that they were both stopped at the red light just prior to the accident. Mr. Sanchez first testified that he had just taken his foot off of the brake when he hit Mr. Andrus; he later testified that he touched the accelerator prior to the collision and was going approximately three to four miles per hour at the time of impact. Mr. Sanchez described the impact as a "light tap."
Documents introduced into evidence at trial include pictures of the two vehicles. The picture of the rear of Mr. Andrus' vehicle depicts a large dent covering most of the rear of the vehicle. The picture of Mr. Sanchez' vehicle indicates damage to the left front passenger portion of the vehicle.
Mr. Andrus' medical records were also introduced into evidence. These records indicate that Mr. Andrus was treated from March 14, 2002 until June 11, 2002 for injuries sustained in this accident.
At the conclusion of trial, the trial judge acknowledged Mr. Andrus was not truthful regarding prior lawsuits and convictions, however, he noted "that does not reflect, on the fact, of what happened the day of the collision." The trial judge then ruled in favor of Mr. Andrus awarding general damages of $3,000.00 and chiropractic expenses for two months of treatment. State Farm filed this timely appeal.

LAW AND DISCUSSION:
On appeal, the defendant argues that the trial court erred in awarding damages to Mr. Andrus in contravention of the trial court's own finding that Mr. Andrus was not truthful. The defendant contends the trial court erred in awarding damages solely upon Mr. Andrus' testimony.
The court of appeal may not set aside the trial court's findings of fact, in the absence of manifest error or unless the findings are clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Furthermore, "where two permissible views of the evidence exists, the factfinder's choice between them cannot be manifestly erroneous *514 or clearly wrong." Stobart v. State, 617 So.2d 880, 882-883 (La.1993).
There was no dispute in the testimony as to how this accident occurred. The testimony clearly shows that Mr. Andrus was struck in the rear by Mr. Sanchez. The force of the impact was at issue, i.e. Mr. Andrus described the impact as hard, while Mr. Sanchez described the impact as a "soft tap." However, the force of the impact is not relevant as to whether or not Mr. Andrus sustained injuries from the impact. Mr. Andrus claimed that he was injured as a result of the impact and the trial court had to determine whether Mr. Andrus sustained any injuries and the extent of those injuries.
Mr. Andrus testified that following this accident, he experienced pain in his neck, left shoulder, and left jaw. He introduced medical records indicating that he was treated for pain in these areas following the accident. While the defendant introduced evidence that Mr. Andrus was involved in more lawsuits than previously admitted and had a felony conviction after denying a felony conviction, the defendant did not introduce any evidence to indicate that Mr. Andrus was not injured in this accident or was untruthful regarding the injuries he received in this accident.
The rule of "falsus in uno falsus in omnibus" provides that if one element of a witness' testimony is proved to be untrue, the entirety of that witness' testimony may be rejected by the trier of fact. This doctrine does not require rejection of the witness' total testimony and the weight to be given the remainder of the witness' testimony is to be determined by the trier of fact. Anglin v. White, 572 So.2d 779 (La.App. 4th Cir.1990).
The testimony of all the parties and the evidence submitted in this case provides a reasonable factual basis for the trial court's finding that Mr. Andrus was injured in this accident. We do not find that the trial judge committed manifest error in finding that Mr. Andrus was injured in this accident and awarding damages. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.