212 So.2d 559 (1968)
William K. FLOURNOY, Sr., Plaintiff-Appellant,
v.
Frank T. OTERO et al., Defendants-Appellees.
No. 2389.
Court of Appeal of Louisiana, Third Circuit.
July 2, 1968.
*560 Morgan, Baker, Skeels & Coleman, Shreveport (Donald Baker, Shreveport, of counsel), for plaintiff-appellant.
Cunningham & Cunningham, Natchitoches, (W. Peyton Cunningham, Natchitoches, of counsel), for defendants-appellees.
Before TATE, FRUGE, and SAVOY, JJ.
TATE, Judge.
The plaintiff Flournoy was turning left. His pick-up truck was struck by the defendant Otero's overtaking Chevrolet automobile. Flournoy sues Otero and the latter's liability insurer to recover for personal injuries caused by the accident. After trial the District Court held Flournoy's contributory negligence barred his recovery. Flournoy appeals from the dismissal of his suit.
The plaintiff Flournoy's appeal raises primarily factual issues.
His counsel forcefully argues that Flournoy did not commence turning left until after having made reasonable check to his rear, first when about 500 feet from the intersection and then when about 20-25 feet, and in both instances observed Otero's vehicle a considerable distance (350-450 feet) to his rear. Flournoy testified that he made adequate signal before commencing and during his turn.
Further, counsel points out that a yellow line denoted the site of the accident to be a no-passing area, see LSA-R.S. 32:77, for 600 feet prior to the intersection. He suggests that Flournoy could not reasonably be held to anticipate so imprudent an attempt to pass at an excessive overtaking speed as (he contends) Otero undertook.
Counsel relies upon jurisprudence to the effect that a driver's left-turn is not negligent if based upon reasonable prior observation that the turn will not unduly impede traffic to his rear, in reasonable reliance that overtaking vehicles will not grossly disregard traffic safety regulations. Breland v. American Insurance Co., 163 So.2d 583 (La.App.2d Cir.1964); Hudgens v. Mayeaux, 143 So.2d 606 (La.App.3d Cir.1962). He suggests that the sole cause of the accident was the overtaking driver's lack of lookout or following too close, so that he was unable to avoid colliding with the forward car as it slowed and turned in a lawful and normal manner. Gorum v. Pritchard, 173 So.2d 308 (La.App.3d Cir.1965). Alternatively, he suggests that the overtaking driver had the last clear chance to avoid the accident even if the plaintiff Flournoy in the forward car was negligent in his turn. Cassar v. Mansfield Lumber Co., 215 La. 533, 41 So.2d 209 (1949).
Nevertheless, whatever merit there might be to these arguments were the evidence *561 construed as counsel contends, the present record contains substantial evidence supporting the trial court's determination that both the left-turning and the overtaking drivers were negligent. Otero, his wife, and another following motorist testified that Flournoy turned left, suddenly and without prior signal, at a time when Otero was in the process of passing at the intersection and so close to the forward Flournoy vehicle that the accident was unavoidable.
The investigating state trooper's measurements of brake marks casts some doubt on the precise accuracy of the distances estimated by these witnesses. However, neither this discrepancy, nor discrepancies between pre-trial statements and the sworn trial testimony of the following motorist, are so compelling as to cause this court to disregard the trial court's ultimate credibility evaluation. According to the trial court's finding, this evaluation accepted as essentially correct the account of these witnesses that Flournoy turned left when overtaking traffic was too close, and it rejected the plaintiff Flournoy's version that Otero was a safe distance behind him as he commenced his turn. Further, the state trooper testified to Flournoy's admission after the accident that he had not made prior signal before his turn.[1]
Thus, under the trial court's essential determination, Flournoy turned suddenly left at a time when he should have observed the defendant Otero in the process of negligently passing at the intersection in violation of statute, LSA-R.S. 32:76(2) (as amended in 1962). Flournoy himself stated that he made his last observation at least 20 feet before the intersection, whereas, under the perhaps too stringent Supreme Court applications of LSA-R.S. 32:101,[2] 104[3] (1962) and predecessor statutes, the left-turner may be negligent if he additionally fails to look yet again as he draws abreast of the intersection where he will turn left. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Wesley v. Home Indemnity Co., 245 La. 133, 157 So.2d 467 *562 (1963); Johnson v. Wilson, 239 La. 390, 118 So.2d 450 (1960). (The last-cited case also held, in circumstances very similar to the present, that the overtaking driver did not have the last clear chance to avoid the accident, where the imprudent proceeding into the left lane to make the turn occurred virtually simultaneously with the negligent overtaking to pass.)
We therefore affirm the trial court judgment dismissing the plaintiff Flournoy's suit upon a holding that his contributory negligence bars his recovery. The plaintiff-appellant is to pay the costs of this appeal.
Affirmed.
NOTES
[1] See Tr. 196, where the investigating state trooper testified that Flournoy told him he never did turn on his signal light: "Yes, Sir. He did so state he didn't [make a left-turn signal]." This admission by a party-opponent is admissible when offered as evidence against him by another party. McCormick on Evidence, Section 239 (1954). As McCormick there points out, these admissions are technically not hearsay since the party-opponent may cross-examine the witness testifying to his prior admission. See also McCormick, Section 253, discussing admissions of a party and the somewhat similar declaration against interest of a non-party which is an exception to the hearsay rule.
[2] LSA-R.S. 32:101 provides:

"The driver of a vehicle intending to turn at an intersection shall proceed as follows: * * *
(2) Left turns on two-way roadways. At any intersection where traffic is permitted to move in both directions on each roadway entering the intersection, an approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and by passing to the right of such center line where it enters the intersection and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered. Whenever practicable the left turn shall be made in that portion of the intersection to the left of the center of the intersection. * * *"
[3] LSA-R.S. 32:104 provides:

"A. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.
B. Whenever a person intends to make a right or left turn which will take his vehicle from the highway it is then traveling, he shall give a signal of such intention in the manner described hereafter and such signal shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning. * * *"