MILLER, Judge.
Damages were awarded to a left-turning motorist who was struck by defendant’s insured’s overtaking vehicle. We find that plaintiffs’ contributory negligence bars her recovery and reverse.
On the clear cold morning of February 12, 1970, plaintiff Ronella G. Fontenot was driving northerly on Louisiana Highway 29 about two miles south of Ville Platte. The blacktop highway (with eight foot shoulders on both sides) made a gradual turn to the left for northbound traffic, and *597 double yellow lines indicated a no-passing zone for both northbound and southbound traffic. Mrs. Fontenot’s home was west of the highway and her private “horseshoe” driveways were located near the north end of the gradual turn.
As she approached her home she gradually slowed from her SO mph speed to about 10 mph. There was no oncoming traffic. As she reached the southernmost of her two driveways (the driveways were about one hundred feet apart), she looked at her inside rearview mirror. She didn’t see any overtaking traffic and began her left turn. No left turn signal was given. As she started the left turn, the left side of her vehicle was sideswiped by the overtaking defendant’s insured’s vehicle. Plaintiffs’ vehicle was knocked back into its proper northbound lane and remained headed in a northerly direction.
Defendant’s insured Rollins Saucier had overtaken the Fontenot vehicle approximately one-half to one-quarter mile before reaching the scene of the accident. He slowed to Mrs. Fonenot’s slow speed and followed at a relatively close interval for approximately one-quarter mile. When he reached a point near the end of the gradual left turn, he crossed the double yellow lines to begin his passing maneuver. He did not sound his horn. As the front of his vehicle was almost even with the rear of the Fontenot vehicle, Mrs. Fontenot began her unsignaled left turn. He braked and turned toward the left shoulder but sideswiped the left side of the Fontenot vehicle. Most damage to the Fontenot vehicle was found at the forward left side of the left front fender. Saucier stopped approximately one car length beyond the point where the Fontenot vehicle came to rest.
The trial court held that Mrs. Fontenot’s negligence in failing to signal her left turn did not contribute to the accident because she could rely on the double yellow lines to prevent overtaking traffic from attempting to pass. No mention was made of Mrs. Fontenot’s failure to keep a proper lookout. We find manifest error.
We find that Mrs. Fontenot’s negligence contributed to this accident. She did not know that the Saucier vehicle had followed her for some distance. She did not view her outside rearview mirror at any time. She did not look at her inside rear-view mirror until after the overtaking motorist was committed to the passing maneuver and had moved into the passing lane. She did not signal her left turn across the double yellow lines and into her private driveway. By failing to signal the left turn she violated LSA-R.S. 32:104, subd. B. In violation of LSA-R.S. 32:104, subd. A she attempted the left turn when the movement could not be made with reasonable safety.
Mrs. Fontenot made an unsignaled sudden left turn at a time when she should have observed defendant’s insured in the process of negligently passing in the no-passing zone. This bars her recovery. Flournoy v. Otero, 212 So.2d 559 (La.App. 3 Cir. 1968).
Appellee contends that Saucier had the last clear chance to avoid this accident; that Saucier should have been fully apprised of the fact that an accident was inevitable if he attempted to pass where there were double “no-pass” lines on the center of the highway; that he had the last clear chance to avoid the accident by restraining his impulse to pass; that this doctrine was recognized in Cassar v. Mansfield Lumber Co., 215 La. 533, 41 So.2d 209 (1949).
We distinguish that case and find that the holding does not support appellees’ argument. There the left turning motorist saw that the fast overtaking motorist was about to pass, heard the horn signal, and then started the left turn. In that context, it was held that the left turning motorist had the last clear chance to avoid the accident by restraining his impulse to turn left. Here, the slow moving overtaking motorist had no warning of the impending left turn *598 until he reached a point in the passing lane where his front bumper was almost even with the lead motorist’s rear bumper. The last clear chance doctrine does not apply.
The judgment of the trial court is annulled and set aside and plaintiffs’ suit is dismissed at their cost, both at trial and on appeal.
Reversed and rendered.