REDMANN, Judge.
Plaintiff appeals from the dismissal of his action for damages resulting from a battery by an employee of an insured car wash. Service was effected upon the insurer alone and it is the only defendant before us.
Plaintiff himself gave the only testimony of the facts of the occurrence. He told of a relatively minor, verbal altercation with the employee, in which he was at least a willing participant if not an aggressor, followed by plaintiff’s taking the employee’s wrist in a gentle removal of the employee from plaintiff’s car. But plaintiff tells of being then held by two co-'employees (against whom he had directed no word or act) while the employee got a heavy chain (used to pull cars through the automatic washer), with which the employee hit plaintiff, causing a depressed compound fracture of the skull.
Plaintiff objected to the testimony of the investigating sheriff’s office detective as hearsay, and further complains of accepting that testimony over his own eye-witness account.
No doubt some of the detective’s testimony was hearsay. But the critical part of that testimony was of statements made by plaintiff, which are not hearsay but admissions of a party and therefore admissible; Gulf Rfg. Co. v. Bagby, 1942, 200 La. 258, 7 So.2d 903; Flournoy v. Otero, La.App.1968, 212 So.2d 559.
According to the detective, plaintiff stated during the investigation that he and the employee “began fighting and that some time during the fight he and. [the employee] grabbed for a chain that was lying on the ground * * * that he and [the employee] fought for the chain and that both exchanged blows”.
Plaintiff in rebuttal testified he had made no such admission. (In fact he testified he had never spoken with that detective; that his own almost contemporaneous written recordation of the events referring to conversation with a detective by that name was mistaken as to the name).
The trial judge evidently believed the detective rather than plaintiff on the question whether the admission was made. The admission, like an inconsistent statement of any witness, would at least cast doubt on the veracity of plaintiff’s testimony. As an admission, not successfully contradicted or explained, it may even serve as proof of the facts it. asserts, namely that plaintiff remained a willing participant in a physical fight including chain-swinging.
We are simply not in a position to reverse a trial judge’s evaluation of the credibility of witnesses under the present circumstances.
The judgment is affirmed.