363 So.2d 244 (1978)
William E. LAIRD
v.
Jacqulyn Moore LAIRD.
No. 9358.
Court of Appeal of Louisiana, Fourth Circuit.
September 12, 1978.
Meunier, Martin & Meunier, Marcel J. Meunier, Jr., New Orleans, for plaintiff-appellant.
Leon I. Brainis, Kenner, for defendant-appellee.
Before SAMUEL, SCHOTT and GARRISON, JJ.
SAMUEL, Judge.
Plaintiff, William E. Laird, appeals from a judgment of $600 for the support of his two minor children following his divorce on January 4, 1978.[1] He contends the amount is excessive. Appellee avers (and the trial judge agreed) there has been no change which warrants a deviation from the child support originally agreed on at the time of the separation. We disagree.
At the time of the consent judgment the husband, a doctor, was earning $3,000 per month. Subsequently, a brain abscess requiring a delicate operation left him disabled. Prior thereto he had been working toward specializing in internal medicine, but following his illness he was unable to *245 continue work in that area, and the only medical field he believes is open to him is psychiatry. He is now interning at Charity Hospital to qualify as a psychiatrist. His monthly income has been reduced to his $700 salary from Charity Hospital and $1,000 from a disability policy, totaling $1,700.
Mrs. Laird is a School Work Linkage Coordinator for a United States government apprenticeship program administered by Delgado College. She has been earning $831 per month but recently has received a raise in salary, unspecified as to amount. She itemized her expenses for the two children at $1,270 per month as follows:

Housing ------------------------------- $ 142.00
Food ---------------------------------- 220.00
Utilities ----------------------------- 62.00
Clothing ------------------------------ 115.00
School expenses ----------------------- 32.00
Medical bills
 (including group hospitalization) ---- 45.00
Entertainment ------------------------- 40.00
Miscellaneous ------------------------- 10.00
Music lessons ------------------------- 20.00
Summer camp --------------------------- 55.00
Child care ---------------------------- 125.00
Vacation ------------------------------ 50.00
Gifts --------------------------------- 45.00
Grooming ------------------------------ 20.00
Home repairs -------------------------- 97.00
Auto expenses
 (including childrens' share of car
 note, upkeep, insurance and gas) ---- 192.00
 _________
 Total ---- $1,270.00.

Dr. Laird itemized his monthly expenses approximately as follows:

Rent ---------------------------------- $ 220.00
Loan repayment
 (for life insurance, naming the
 children beneficiaries) -------------- 177.00
Loan repayment
 (to medical school) ------------------ 167.00
Food --------------------------------- 250.00
Gasolience ------------------------ $40 to 50.00
Car repairs (vary) -------------------- -------
Childrens' allowances and weekend
 entertainment ----------------------- 100.00
Laundry and cleaning ------------------ 137.00
Maid ---------------------------------- 135.00
Disability insurance policy
 (favor Mrs. Laird) ------------------- 23.00
Drugs --------------------------------- 36.00
Clothing and toilet articles ---------- 100.00
Psychiatry
 (to adjust to his disability) -------- 140.00
Other loan and yearly insurance ------- ------
 _________
 Total ------$1,525.00.

For the court to alter a child support agreement established by a consent judgment or otherwise, the party seeking modification must show a change in circumstances of either party.[2]
We are of the opinion the husband has proven a change in circumstances sufficient to justify a decrease in child support. He has shown his income decreased from $3,000 per month to $1,700 per month and that his health has declined substantially.
The jurisprudence is also to the effect that judgments awarding alimony and support, including consent judgments, are always subject to modification and may be adjusted at any time to meet the needs of the wife and/or children and the husband's ability to pay, or revoked entirely if it becomes necessary or (as to alimony) if the wife remarries.[3]
We note the wife asks nothing for her own support, and that she has an income of $831 (plus the salary increase) per month. Dr. Laird's itemized list of monthly expenses appears reasonable. On the other hand, we are of the opinion that the monthly amount of $1,270 attributed by Mrs. Laird solely to the needs of the two children is excessive. Under "Housing" she lists $142 as the children's share of that expense but her testimony is that the total monthly rent or note is $157. As to that item her further testimony is that this first figure of $142 under "Housing" includes basic maintenance which she described as replacing light fixtures, replacing a heating unit and plumbing repairs, etc. We do not feel that *246 this so-called maintenance as described is a recurring monthly expense and it appears to be repeated under the $97 item designated as "Home repairs". Nor does Mrs. Laird adequately inform the court as to the $192 lump sum figure she attributes to the children's share of the item listed as "Auto expenses".
We have no doubt that while Mrs. Laird continues working she needs care for the children from the time they return from school until she arrives home from work. However, this function has been undertaken by the maternal grandparents at their home and we feel that the $125 item listed as "Child care" is at least questionable. We note the grandparents did not testify. We also feel some of the other expenses claimed by Mrs. Laird overlap or are higher than they should be, especially considering the reduction in Dr. Laird's income. Monthly summer camp expenses of $55 amounts to $660 per year; the $50 monthly item listed as "Vacation" amounts to $600 per year; and the two items seem to be in conflict or overlap, if to no other extent than that the child care item would be unnecessary during vacation and summer camp. The $45 per month item listed as "Gifts", which she testified refers to birthday and Easter gifts, totaling $540 per year, clearly appears to be excessive especially in view of the fact that Dr. Laird lists $100 per month for the children's allowances and weekend entertainment.
In this court appellant requests a decrease in child support from $600 to $400 per month. Considering all of the facts, we feel the request is reasonable and should be granted.
For the reasons assigned, the judgment appealed from is amended so as to reduce the amount of child support from $600 per month to $400 per month. As thus amended, and in all other respects, the judgment is affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] The wife, as plaintiff in reconvention had been awarded the separation, and child support of $600 per month by consent on June 10, 1976. On August 16, 1977 the husband filed suit for divorce, silent as to child support. Thereafter, the wife filed a rule to set child support. On January 4, 1978 the husband was granted a default divorce; by agreement of the parties, the wife was awarded custody, and after a hearing on the rule the child support payments were continued at $600 per month. The children are two girls now 12 and 8 years of age.
[2] Ducote v. Ducote, La., 339 So.2d 835; Stolier v. Stolier, La.App., 357 So.2d 1334; Swider v. Swider, La.App., 314 So.2d 372.
[3] Ward v. Ward, La., 339 So.2d 839; Smith v. smith, 217 La. 646, 47 So.2d 32; Russo v. Russo, 208 La. 17, 22 So.2d 671; Stolier v. Stolier, supra,, note 2.