415 So.2d 303 (1982)
Lynn Dilworth MONTELBANO, Plaintiff-Appellant,
v.
Joseph Ross MONTELBANO, Defendant-Appellee.
No. 14855.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1982.
*304 Nelson Hammons & Johnson by John L. Hammons, Shreveport, for plaintiff-appellant.
Robert P. Waddell, Shreveport, for defendant-appellee.
Before PRICE, MARVIN and NORRIS, JJ.
PRICE, Judge.
This is a proceeding to change custody of a seven-year-old boy brought two and one-half years after the initial custody decree.
Lynn Dilworth Montelbano and Joseph Ross Montelbano obtained a legal separation on January 31, 1979. Lynn was granted custody of their son, Chris. Ross was allowed reasonable visitation privileges. A final divorce decree was rendered on February 27, 1980, with the previous custody and support order remaining in effect.[1] The father filed this rule on August 25, 1981, seeking custody of the child. The trial court ordered custody transferred to the father based on the court's finding that he would provide the child a more stable and wholesome environment. On this appeal by the mother, we affirm for the reasons assigned.
In child custody matters, including those involving a change of custody, the sole criterion applicable is the best interest of the child. Bordelon v. Bordelon, 390 So.2d 1325 (La.1980); Johnston v. McCullough, 410 So.2d 1105 (La.1982); La.C.C. Art. 157. On appellate review in these matters great weight is to be given to the determination of the trial judge and his determination should be overturned only when there is a clear abuse of discretion. Bordelon v. Bordelon, supra; Cleeton v. Cleeton, 383 So.2d 1231 (La.1980).
Appellant contends the trial court has abused its discretion in this instance as there was not sufficient evidence presented to warrant a change of custody. Appellant specifically complains that the trial judge gave undue weight to inadmissible opinion testimony and was unduly critical of the activities of appellant during the period of adjustment following the breakup of her marriage with appellee. Appellant also contends the trial judge prejudged the issue after hearing only part of the evidence which contributed to an erroneous conclusion in this matter.
From our review of the record, we find no basis for the complaints regarding the procedural conduct of the trial by the trial judge. Although he did make certain comments during the presentation of evidence which could be argued to be conclusionary, we do not find these comments of serious prejudice or indicative that the court did not have an open mind until the complete presentation of evidence.
To understand the remaining specifications of error of appellant, a brief summary of the evidence is necessary. After her physical separation from appellee in December 1978, appellant's pattern of living was very unsettled up until her marriage to her present husband, Roy Brister, in May 1981. She changed residences approximately twelve times during this period. In April *305 1981 the child was placed with appellant's sister and her husband, Mr. and Mrs. Phillip Barron. This arrangement was agreed to by appellee and both parties had the child visit on alternate weekends. Appellant left Shreveport in January 1981 when she married her second husband in Wyoming. At this time she took the child with her to live in Wyoming. The marriage lasted only three months and appellant returned to Shreveport with the child in March 1981. She returned the child to the Barron's home at this time where the child remained until appellant married her present husband in May 1981. At the time of the filing of this rule for change of custody in August 1981, the child was living with appellant, her husband, and his 15-year-old daughter in a three-bedroom duplex apartment in Shreveport.
During the presentation of evidence, the court permitted, over objection, Mr. and Mrs. Barron to testify as to which parent could provide the most suitable home for the child. Each testified that the appellee-father was best suited at that time.
Appellant contends this testimony was inadmissible and was relied on heavily by the trial court in reaching its decision. As a general rule lay witness opinion evidence is not admissible and should not be given consideration by a trial court. However, under the circumstances here presented, we do not find this testimony should have been excluded. These witnesses were members of appellant's immediate family and most knowledgeable about the facts pertinent to the issue before the court. The factors on which they based their opinions were brought out and the court was in a position to properly evaluate the objectivity of the testimony and give it proper weight. The trial court must necessarily have substantial discretion in its ruling on admissibility of evidence in seeking what is in the best interest of a child.
It is apparent from the trial court's reasons for judgment that the court was mostly concerned with placing the child with the parent who would most likely provide a stable home environment.
The court found the home of the appellee to offer a more positive promise for a stable home environment based on the past history of the parties.
Appellee, a 10-year veteran of the Shreveport Fire Department, resides in a three-bedroom house with his second wife and her daughter. The evidence shows a good relationship has been established between his wife and the child during visitation periods, and that she would welcome having the child in the home along with her daughter, who is of the same approximate age. Although appellee's wife is employed, suitable arrangements have been made for after-school care of both their children by a neighbor.
There are some similarities in the circumstances of the parties. Both have been married to their present spouses about the same length of time. Each has a stepdaughter in the household.
There is some evidence however that the 15-year-old step-daughter of appellant, who is relied on to care for the subject child after school, has been physically abusive of the child on occasion. There is further evidence that this older child uses improper language frequently and is not a good influence on the younger child.
The trial judge noted in his reasons that appellee and his wife had a year of dating before entering into their marriage and that their relationship appeared to be a stable one. In contrast, the appellant had been dating her present husband for a period of seven months prior to her sudden decision to move to Wyoming and marry her second husband, a marriage which only lasted three months. Although appellant's third and present marriage had existed for less than six months at the time of trial, there was evidence that she had left the matrimonial domicile at least on one occasion following a dispute with her husband.
The principal reason that the courts are reluctant to order a change in the custody of a child except where there are compelling reasons to do so is to prevent the child from being removed from the stable environment *306 to which he has become accustomed. In this instance this principle lends little comfort to appellant as she has not afforded the child such an environment since the breakup of her marriage with appellee.
From our review of the totality of the evidence, we do not find a clear abuse of discretion by the trial judge in finding that it was in the best interest of the child to be placed in the custody of the parent whom the court found to be most stable.
The judgment is affirmed. All costs of this appeal are assessed to appellant.
NOTES
[1] Both of these custody awards were by consent and were not considered decrees.