JASPER E. JONES, Judge.
Plaintiff brought this action for an increase in child support from her former husband, James Cozart. Cozart appeals a default judgment granting the increase. We reverse.
The sole issue on appeal is whether plaintiff presented sufficient evidence at the confirmation of default hearing to entitle her to the increased child support.
Plaintiff and Cozart were granted a divorce in Nashville, Tennessee on July 28, 1980. The divorce decree gave plaintiff custody of the couple’s three children and ordered Cozart to pay her $100.00 per month child support for each child. In the present action plaintiff prayed for and was granted an increase in child support to $250.00 per month per child.[1]
The standard for testing the sufficiency of evidence at a confirmation of default hearing is found in La.C.C.P. 1702 which provides:
“A judgment of default must be confirmed by proof of the demand sufficient to make out a prima facie case ...”
For a default judgment to be granted it must be based upon competent evidence. Holbrook v. Palermo, 352 So.2d 419 (La.App.3d Cir.1977). Hearsay evidence not admitted under one of the exceptions to the exclusionary rule is not competent evidence and does not sustain the burden of proving a prima facie case. Carte Blanche Plumbing and Heating Repair Service, Inc. v. Van Haeler, 337 So.2d 654 (La.App.4th Cir.1976). If the judgment is rendered on the basis of inadmissible hearsay evidence, it must be set aside. Courville v. Southern Casualty Insurance Company, 304 So.2d 93 (La.App.3d Cir.1974).
In order to make out a prima facie case for the modification of a support award the party seeking the modification must show that the person (or persons) for whose benefit the support was granted has undergone a substantial change in the circumstances giving rise to the need for support. Updegraff v. Updegraff, 421 So.2d 1165 (La.App.2d Cir.1982). If the sought after modification is an increase in support, it must also be shown that the person ordered to pay has the financial ability to pay the additional amount prayed for. See *676 Kees v. Kees, 292 So.2d 307 (La.App.1st Cir.1974).
We are unable to find that the trial judge committed manifest error in deciding that plaintiff presented sufficient evidence of the increased need of the children for additional support. Taken as a whole, the record indicates that the children are now in private school while they were not when the Tennessee divorce was rendered. An affidavit of expenses and income by plaintiff was admitted into evidence and verifies that the private school has caused her additional expense. Plaintiff testified the affidavit contained a list of her monthly needs and income. The total amount of the needs exceeded her income by $1,069.00. We also note that at the time of the confirmation hearing the children were some 2½ years older than they were when the amount of child support was set. The increased age of the children gives rise to additional expenses.
Though plaintiff established the increased need of the children, the trial judge erred in granting the increase. Defendant’s ability to pay the additional amount was not established by competent evidence. The only evidence presented on this issue was a letter from defendant’s Tennessee attorney to plaintiff’s attorney outlining defendant’s earnings and expenses. Plaintiff’s attorney took the stand to verify from whom he received the letter. Plaintiff did not testify on this issue.
The letter from the Tennessee attorney was pure hearsay and should not have been admitted.[2] Plaintiff does not point out, nor can the court find, any exceptions to the hearsay rule under which the letter was admissible. The supreme court has held that a similar letter was inadmissible in a confirmation of default hearing. O’Brien v. D’Hemecourt, 118 La. 996, 43 So. 654 (1907). The letter there presented a stronger case for admission than the one here. It was sent to plaintiff’s attorney by the defendant’s employer who had first hand knowledge of what the defendant made. Here the letter came from an attorney who probably had no personal knowledge of the defendant’s income.
Plaintiff contends that OBrien could be cited to support her position. The admission of the letter there was held not to be reversible error because there was other evidence sufficient to establish the defendant’s ability to pay. The plaintiff’s attorney conducted an independent investigation into the defendant’s earnings and testified as to the results of the investigation. The letter was used solely to corroborate the attorney’s findings.
In the instant case plaintiff’s attorney did not conduct an independent investigation of defendant’s ability to pay. He had no first hand knowledge of this information. All he testified to at trial was who sent him the letter. He even admitted in his testimony that he had no way of knowing whether the expense statement was correct. Since there was no other evidence of defendant’s ability to pay, OBrien does not add any support to plaintiff’s case.
We find that defendant’s ability to pay was established solely by incompetent hearsay testimony. We REVERSE the trial court’s judgment confirming the default and increasing the child support. Cost of the appeal is assessed against the plaintiff. We remand the case for further proceedings in accordance with law.[3]

. Plaintiffs petition also sought to have the Tennessee divorce judgment recognized in Louisiana. That relief was granted. Defendant does not question it on appeal.

. The Tennessee attorney also sent copies of two statements that were attached to the defendant’s payroll checks. The source and identity of these statements were not established at trial other than by the hearsay testimony of plaintiffs attorney. Under these circumstances they are not competent evidence to establish defendant’s ability to pay.

. The defendant filed an answer before the judgment was appealed.