483 So.2d 1085 (1986)
Beverly Ray BARFIELD, Plaintiff-Appellee,
v.
Cecil Wayne BARFIELD, Defendant-Appellant.
No. 17507-CA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1986.
*1086 George B. Holstead, Ruston, for defendant-appellant.
Charles B. Joiner, West Monroe, for plaintiff-appellee.
Before HALL, MARVIN and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Cecil Wayne Barfield, appeals a trial court judgment granting plaintiff, Beverly Ray Barfield, an award for past due child support which had accrued over a period of twelve years, and awarding plaintiff an increase in child support. We reverse in part and amend in part the trial court judgment.

FACTS
By judgment rendered June 9, 1970, plaintiff was awarded custody of the couple's minor child and defendant was ordered *1087 to pay $10.00 per week for support of the child. On January 24, 1985, plaintiff filed the instant rule to show cause why defendant should not be ordered to pay twelve years past due child support and why child support should not be increased to $450.00 per month.
No answer was filed by defendant, nor did he make an appearance. A hearing on the rule was held on April 8, 1985. Plaintiff testified the minor child had monthly expenses of $450.78, that plaintiff had since remarried, and that the five members of her household lived on an annual income of $23,000. Plaintiff testified she thought the defendant made $25,000 in 1983. Plaintiff stated that defendant was employed as a truck driver by a firm in Ruston, had remarried and had two children, but had again separated. Plaintiff admitted defendant paid her $500 after the filing of the rule. Plaintiff also testified that defendant had not made any court ordered child support payments in twelve years.

TRIAL COURT JUDGMENT
By judgment signed on April 9, 1985, plaintiff was awarded the sum of $6,240, representing past due child support payments which had accrued over twelve years, with a credit to defendant for the $500 paid to plaintiff after suit was instituted. Defendant was also ordered to pay $1,000 in attorney fees and costs. Child support payments were increased to $300 per month.

ASSIGNMENTS OF ERROR
Defendant assigns as error the increase in child support payments by the trial court, arguing the evidence presented at the hearing on the rule was insufficient to establish a change in circumstances necessary for such an increase.
Defendant also filed a peremptory exception of prescription in this court, arguing that an action for arrearages of child support is subject to liberative prescription and plaintiff could not collect arrearages for the full twelve years for which payment had not been made.

INCREASE IN CHILD SUPPORT
Defendant argues that plaintiff, by filing a rule for increase in child support, had the burden of proving a change in circumstances of the parties warranting the increase. He argues she failed to prove such a change in circumstances and therefore the trial court erred in increasing his child support payment from $10.00 per week to $300.00 per month. For the following reasons, we find that plaintiff failed to present competent evidence of the defendant's financial ability to pay and failed to carry her burden of proof in showing a change in circumstances warranting an increase in child support. Therefore, we reverse the trial court's judgment granting the increase.
The jurisprudence is clear that a judgment for child support may be modified on a showing of a change in circumstances. The party who seeks a modification of a previous support award has the burden of proving a change in circumstances. Bernhardt v. Bernhardt, 283 So.2d 226 (La. 1973); Johnson v. Johnson, 357 So.2d 69 (La.App. 4th Cir.1978) writ denied 359 So.2d 197 (La.1978); Laird v. Laird, 363 So.2d 244 (La.App. 4th Cir.1978); Cole v. Cole, 338 So.2d 152 (La.App. 2d Cir.1976); Cowen v. Cowen, 375 So.2d 118 (La.App. 3d Cir.1979).
In Hudson v. Cozart, 438 So.2d 674 (La.App. 2d Cir.1983), we dealt with a similar factual situation in which a wife obtained a default judgment against her former husband, increasing child support payments. On appeal, the defendant argued that plaintiff failed to provide sufficient evidence of a change in circumstances to warrant an increase. We said that in a default judgment plaintiff must present proof of the demand sufficient to make out a prima facie case. LSA-C.C.P. Art. 1702. To make out a prima facie case the party seeking the modification must show a change of circumstances of the party for whose benefit the support was granted warranting the increase, and must show *1088 the person ordered to pay has the financial ability to pay the additional amount prayed for. Competent evidence must be presented and hearsay is insufficient to make out a prima facie case.
In the instant case, although plaintiff testified that she had remarried, and she provided information about her present husband and their financial condition, there was no comparison of plaintiff's present financial situation to that which existed at the time of the original support award. Obviously, the child is older, and plaintiff's marital situation is different, all of which may give rise to additional expenses, but no evidence was presented as to plaintiff's financial situation at the time of the original award.
Nevertheless, assuming that plaintiff made an adequate showing of a change in circumstances, she failed to present competent evidence establishing the defendant's ability to pay the increased amount of child support. The only evidence offered by plaintiff was her belief that defendant made $25,000 in 1983. She further testified that plaintiff was employed as a truck driver by a firm in Ruston, had remarried and had two children, but had separated from his second wife to whom he was paying support. No factual basis was given by plaintiff in support of any of these conclusions. The record does not reveal that these facts were gathered by plaintiff from the defendant himself, or whether they were based upon hearsay. This evidence could either be hearsay, an admission by the defendant, or opinion of the plaintiff. If based on hearsay, it is not competent evidence. If it is the opinion of the plaintiff, it is not admissible unless the factors relied on in forming the opinion are brought out. Montelbano v. Montelbano, 415 So.2d 303 (La.App. 2d Cir.1982) writ denied 420 So.2d 163 (La.1982). Here, there was no showing of a factual basis for this kind of testimony. If the testimony offered by plaintiff was based on an admission by defendant it would probably be admissible and competent. However, such a factual basis was not shown. Flournoy v. Otero, 212 So.2d 559 (La.App. 2d Cir. 1968).
Plaintiff's testimony simply fails to show defendant's present ability to pay. There is no showing of any investigation of defendant's ability to pay, nor was it shown that plaintiff had any first hand knowledge of this information. Therefore, the defendant's present ability to pay was not established by competent testimony.

PEREMPTORY EXCEPTION
Defendant filed a peremptory exception for the first time with this court, arguing that an action for arrearages in child support is subject to liberative prescription. This formal exception of prescription was filed in this court before the case was submitted for decision and therefore the issue is properly before this court under LSA-C. C.P. Art. 2163 which provides:
The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to the submission of the case for a decision and if proof of the ground of the exception appears of record.
If the ground for the peremptory exception pleaded before the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.
Formerly, actions for past due child support were subject to liberative prescription of three years; however, the time period was extended to five years by the addition of LSA-C.C. Art. 3497.1 which became effective June 25, 1984. That article provides:
An action for arrearages of alimony and child support is subject to liberative prescription of five years.
Defendant argues that his child support arrearages coming due prior to June 25, 1984, are subject to liberative prescription of three years, and those payments coming due after June 24, 1984, are subject to liberative prescription of five years.
Defendant's argument that the three year liberative prescriptive period should *1089 apply would prevent a judgment against him for any payments coming due three years prior to the effective date of the new act, i.e., payments coming due prior to June 25, 1981. Payments which came due prior to that time would be prescribed.
This contention presents the question of whether LSA-C.C. Art. 3497.1 is to be given retroactive effect, or whether its provisions should be applied only prospectively. We are cognizant of the pronouncements contained in both the Louisiana Civil Code and the Louisiana Revised Statutes providing for prospective application of new legislation.
LSA-C.C. Art. 8 provides:
A law can prescribe only for the future; it can have no retrospective operation, nor can it impair the obligation of contract.
Similarly, LSA-R.S. 1:2 provides:
No section of the Revised Statutes is retroactive unless it is expressly so stated.
However, the jurisprudence has developed the general rule that prospective application applies only to substantive laws, as distinguished from merely procedural or remedial laws which will be given retroactive effect in the absence of legislative language showing a contrary intent. Shreveport Longleaf Lumber Company, Inc. v. Wilson, 195 La. 814, 197 So. 566 (1940); State v. Alden Mills, 202 La. 416, 12 So.2d 204 (1943). The jurisprudence has consistently held that laws dealing with prescriptive periods are "remedial" in the sense that they deal with remedies, rather than with substantive laws, and they are to be applied retroactively, unless they deprive a party of vested rights. Ewing v. State Farm Mutual Auto Insurance Company, 402 So.2d 779 (La.App. 3d Cir.1981); Lott v. Haley, 370 So.2d 521 (La.1979); Johnson v. Fournet, 387 So.2d 1336 (La. App. 1st Cir.1980). We note that most cases in the Louisiana jurisprudence deal with cases in which periods of prescription were shortened rather than extending them, as in the instant case. Nevertheless, we perceive no reasons for a difference in the rule of retroactive application.
As just stated, the jurisprudence holds that statutes dealing with periods of prescription are to be applied retroactively, unless the legislature has stated the contrary. Here, the defendant's obligation to pay child support under the original trial court judgment which was rendered in 1970 is a legal and binding obligation. The unpaid installments of child support ordered by the judgment remain due, although the collection of the amounts owed is barred by the prescriptive statute which provides the time limit for the enforcement of the obligation. LSA-C.C. Art. 3447. Legislation dealing with the period of liberative prescription merely affects a litigant's remedy in the enforcement of the obligation. Here, enactment of LSA-C.C. Art. 3497.1 simply provides a longer period of time than did the previous law to enforce the obligation.
Therefore, we find the change in the prescriptive period for the enforcement of these child support claims is five years as specified in LSA-C.C. Art. 3497.1 which was the law in effect when plaintiff filed suit on January 24, 1985. Therefore, plaintiff may claim arrearages in payments coming due since January 24, 1980.
The jurisprudential rules creating exceptions to the statutory rule of prospective application of new legislation has come under scholarly criticism. H. Alston Johnson, Legislation-Procedure and Interpretation, 45 La.L.Rev. 341 (1985).[1]
*1090 Even though the jurisprudential exceptions have been criticized, the highest court of this state has stated that changes in prescriptive periods are applied retroactively and we are bound by that view. Lott v. Haley, supra. Although the true civilian method of interpretation might allow this court to apply the change made by LSA-C.C. Art. 3497.1 prospectively, we hold to the widely accepted view that a lower court is bound by the pronouncements of a higher court. Albert Tate, Jr., Techniques of Judicial Interpretation in Louisiana, 22 Louisiana Law Review 727 (1962). Therefore, plaintiff is entitled to child support from January 25, 1980.

CONCLUSION
We find plaintiff failed to offer competent evidence to justify an increase in the amount of child support to be paid by defendant and we reverse the trial court judgment ordering the increase. We grant defendant's peremptory exception of liberative prescription of five years and reduce the amount of past due child support owed by defendant to $2,600, subject to a credit of $500 paid by defendant to plaintiff following institution of this suit. We affirm that portion of the trial court judgment ordering defendant to pay costs and attorney fees. Costs of this appeal to be shared equally by the parties.
AMENDED IN PART AND REVERSED IN PART.
NOTES
[1] "Few people realize that a Louisiana Statute provides that no section of the Revised Statute is retroactive unless it is expressly stated to be. This codifies the usual rule for legislative enactments, and is the opposite of the customary rule for judicial pronouncements. Use of this principal might go a long way toward settling disputes over the application of an enactment. The results of application of this principal might not necessarily conform with some of the past jurisprudence, which developed certain `exceptions' to the rule of prospectivity. These exceptions are usually applied despite the fact that the legislature may not have expressed itself on the question of retroactivity as required by Louisiana Revised Statutes 1:2. Thus, the judiciary has sometimes `assumed' that a retroactive application was intended in the face of legislative silence when the enactment falls in certain categories. A literal reading of La. R.S. 1:2 would eliminate these exceptions. The legislature is free to announce a retroactive application, of course, thus freeing the court from the need to make such a decision, unless there are constitutional problems."