DUFRESNE, Judge.
In this medical malpractice case, we are presented with the sole issue of determining the retroactivity of LSA-R.S. 40:1299.41(G), as amended during the 1991 regular legislative session.
On January 31, 1990, plaintiff, Andrew I. Smith, filed a medical malpractice complaint with the Office of the Commissioner of Insurance against the defendants, Alton Ochsner Medical Foundation, Ochsner Foundation Hospital, Dr. John Doe and ABC Insurance Company, alleging various breaches in the standard of care arising out of treatment provided plaintiff while hospitalized at Ochsner Foundation Hospital in February, 1989. On March 25, 1991, the medical review panel met, considered evidence and rendered its opinion against plaintiff. On June 21, 1991 plaintiff filed a petition for damages alleging medical malpractice against Ochsner, and for the first time against his treating physician, Dr. John Bowen, III, for breaches in the standard of care arising out of the February 1989 surgery.
Dr. Bowen filed an exception of prescription with the trial court, arguing that any cause of action against him had prescribed because he was not named as a defendant within 90 days of filing the complaint with the Office of the Commissioner of Insurance. Dr. Bowen contended that controlling this action was LSA-R.S. 40:1299.-41(G), prior to its amendment in 1991. Plaintiff contended that the 1991 amendment to LSA-R.S. 40:1299.41(G), was retroactive and thus the cause of action had not prescribed.
The trial court agreed with Dr. Bowen, and rendered judgment in his favor granting the exception of prescription and dismissing plaintiffs action.
From that judgment plaintiff has suspen-sively appealed.
Prescription in medical malpractice cases is governed by LSA-R.S. 9:5628 which provides in pertinent part:
5628. Actions for medical malpractice A. No action for damages for injury or death against any physician, chiropractor, dentist, psychologist, hospital duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.4(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or'neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years *563 from the date of the alleged act, omission, or neglect.
LSA-R.S. 40:1299.41(G), in effect at the time this action was initially brought, provided:
G. Notwithstanding the provisions of Subsection D, the running of prescription against a health care provider who is answerable in solido with a qualified health care provider against whom a claim has been filed for review under this Part shall be suspended for a period of ninety days after a panel is formed under the provision of this Part, provided a claim is made against the in solido obli-gor either under the provisions of this Part or in a court of law within the ninety day period. For the purpose of this Part the panel shall be deemed to be formed on the date that the third health care provider member of the panel is chosen.
During the 1991 regular legislative session, however, this law was amended. R.S. 40:1299.41(G) now reads:
G. Notwithstanding the provisions of Subsection D, the running of prescription against a health care provider who is answerable in solido with a qualified health care provider against whom a claim has been filed for review under this Part shall be suspended in accordance with the provisions of R.S. 40:1299.-47(A)(2)(a).
R.S. 40:1299.47(A), dealing with the medical review panel, was also amended, and now provides:
(2)(a) The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of health care providers against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until sixty days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part. The filing of a request for review of a claim shall suspend the running of prescription against all solidary obligors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review.
The first pleading filed by plaintiff raising an allegation of negligence against Dr. Bowen was in the petition for damages filed on June 21, 1991. In this petition, plaintiff prays for judgment against all defendants, in solido.
Prior to the subject amendment, a soli-dary obligor/health care provider had to be sued within 90 days of panel formation in order to interrupt prescription. However, by the 1991 amendment to the statute, the legislature specifically removed that requirement. Plaintiff contends that his cause of action has not prescribed because the filing of the initial complaint with the medical review panel suspended prescription as to all joint tortfeasors who would be solidary obligors with those named in the complaint.
Our courts have consistently followed the rule of law that prescriptive statutes are considered to be procedural or remedial laws and are given retroactive effect in the absence of language showing a contrary intention. Lott v. Haley, 370 So.2d 521 (La.1979). This rule of retroactive application for prescriptive statutes applies to situations in which prescriptive periods are lengthened just as it does where they have been reduced. Achord v. City of Baton Rouge, 489 So.2d 1873 (La.App. 1st Cir.1986); Barfield v. Barfield, 483 So.2d 1085 (La.App. 2nd Cir.1986).
The Fourth Circuit, Court of Appeal directly considered this issue in Graham v. St. Charles General Hospital, 590 So.2d 818 (La.App. 4th Cir.1991) and held:
“As the amendment in question lengthens the applicable prescriptive period, there is clearly no disturbance of vested *564 rights. Therefore, we find it appropriate to apply the amended version of the Medical Malpractice Act in this appeal.” at page 821.
The defendants, Dr. Bowen cites the decision by the Second Court, Court of Appeal in White v. West Hospital, Inc., 598 So.2d 1134 (La.App. 2nd Cir.1992), which refused to apply the amendment to LSA R.S. 40:1299.41(G) retroactively.
However, we hold that the amendment does not disturb a vested right in view of the in solido obligation of the defendants.
We agree with the decision in Graham v. St. Charles General Hospital, supra; accordingly, we reverse the trial court’s judgment maintaining Dr. Bowen’s exception of prescription and remand this matter to the trial court for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.