liGASKINS, Judge.
The defendant, Durwood Lee, appeals from a ruling by the juvenile court, which found that the ten-year prescriptive period for enforcement of a child support judgment, under the recently enacted La. C.C. art. 3501.1, is applicable to the facts of this case. For the following reasons, we reverse the judgment of the juvenile court.
FACTS .
Vikki Lee (now Long) and Durwood Lee are the natural parents of the minor child, Lindsy Anne Lee. The couple divorced and a Texas child support order was entered on October 13, 1983. On July 6, 1990, the child was adopted by her stepfather, causing the support decree to lapse. On April 7, 1997, Vikki Long filed a Uniform Support Petition to collect past due child support under the Uniform Interstate Family Support Act (UIFSA).[1] She filed the petition in the State of Alabama, where she was living. On that same date, an Alabama judge certified the petition and ordered the document transferred to Louisiana, where the defendant resides, for further proceedings. On January 15,1998, a petition was filed in Caddo Parish Juvenile Court, by the State of Louisiana, to register the foreign support order. The defendant filed an exception to the registration of the decree under La. Ch. C. art. 1306.7 A(7) and former La. C.C. art. 3497.1, claiming that an action to make executory arrear-ages of child support is subject to liberative prescription of five years. The defendant claimed that, since the child support order lapsed on July 6, 1990, with the adoption of his daughter by her stepfather, the action to collect child support arrearages prescribed on July 7, 1995, almost two years before the mother filed to enforce the order in Alabama. The defendant recognized that La. C.C. art. 3497.1 was amended and La. C.C. art. 3501.1 was |2enacted to provide a ten-year liberative prescription period for child support and the new article became effective July 3, 1997.[2] However, the defendant argued that the petition to enforce the child support award was filed prior to the effective date of the amendment and, therefore, the five-year prescriptive period was applicable.
A juvenile court hearing officer considered the matter and found that the longer ten-year prescriptive period of La. C.C. art. 3501.1 applied. The hearing officer chose to recognize the filing for registration of the support enforcement order from Alabama, which occurred on January 15, 1998, as the date the action was commenced against the defendant. Because this date falls after the July 3, 1997 effective date of La. C.C. art. 3501.1, the hearing officer found that the claim had not entirely prescribed and recommended that the defendant owed the child support payments accruing from January 15, 1988 until July 5, 1990. The hearing officer calculated the amount due to be $4,200.00. The defendant objected to the recommendation of the hearing officer. The juvenile court adopted the recommendation in a judg *1044 ment signed and filed July 8, 1998. The defendant appeals the juvenile court judgment.
PRESCRIPTION
The defendant argues that the juvenile court erred in applying the ten-year prescriptive period set forth in La. C.C. art. 3501.1 to the facts of this case. According to the defendant, the disputed issue in this case is whether the court should consider Mrs. Long’s filing of her Uniform Support Petition in Alabama or the state’s filing for registration of the Alabama papers as the point at which demand was made upon the defendant for payment of past due child support. The | .^defendant contends that the court should have applied the law in effect on April 7, 1997, when Mrs. Long instituted proceedings in Alabama to collect child support arrearag-es rather than the law in effect on January 15, 1998 when the state filed to register the foreign support decree. For the following reasons, we find that the claim to collect past due child support against the defendant prescribed prior to the effective date of La. C.C. art. 3501.1, which lengthened the prescriptive period in such matters. Therefore, the juvenile court erred in applying the new article to the facts of this case.
Legal Principles
Generally, the burden of proving that a suit has prescribed rests with the party pleading prescription. However, when the petition reveals prima facie that the claim has prescribed, the burden shifts to the opposing party to demonstrate suspension or interruption of the prescriptive period. Bishop v. Simonton, 615 So.2d 8 (La.App. 2d Cir.1993), writ denied 617 So.2d 908 (La.1993).
La. C.C. art. 6 provides the framework from which statutes are to be interpreted:
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
Statutes of prescription, being remedial in nature, generally apply to all actions instituted after the effective date, even though the cause of action accrued before the enactment of the legislation. Bishop v. Simonton, supra. Exceptions to this general rule of ret-roactivity for prescriptive statutes include instances where such application would strip a party of a vested right or would revive an already prescribed cause of action. More directly stated, a legislative act cannot revive a cause of action already barred by liberative prescription prior to the effective date Lof the statute. Hall v. Hall, 516 So.2d 119 (La.1987); Bishop v. Simonton, supra; G.B.F. v. Keys, 29,006 (La.App.2d Cir.1/22/97), 687 So.2d 632, writ denied 97-0385 (La.3/21/97), 691 So.2d 94. See also Gay v. C & D of Shreveport, 25,319 (La.App.2d Cir.10/26/94), 645 So.2d 280.
 While the defendant does not acquire anything during the running of the prescriptive period, once the time period has elapsed, the legislature grants the defendant the right to plead the exception of prescription in order to defeat the plaintiffs claim. Because the defendant acquires the right to plead the exception of prescription, a change in that right constitutes a substantive change in the law as applied to the defendant. Chance v. American Honda Motor Company, Inc., 93-2582 (La.4/11/94), 635 So.2d 177. Were we to interpret the amendment at issue to allow the revival of prescribed causes of action, the substantial rights of the defendant would be materially changed because the defendant would be stripped of this defense. Chance v. American Honda Motor Company, Inc., supra; Cameron Parish School Board v. ACandS, Inc., 96-0895 (La.1/14/97), 687 So.2d 84.
Discussion
In applying these principles to the facts of this case, we find that the claim against the defendant for past due child support prescribed before the July 3,1997 effective date of the newly enacted La. C.C. art. 3501.1, and therefore, the defendant acquired the right to plead prescription. The parties agree that Louisiana statutes on prescription *1045 apply to this case.[3] There is also no dispute that the defendant’s obligation to pay child support for his minor daughter terminated on 15July 6, 1990, when the child was adopted by her stepfather. Under the law in effect at that time, La. C.C. art. 3497.1 provided a five-year prescriptive period to recover past due child support. Therefore, Mrs. Long had until July 6, 1995 to file against the defendant to recover past due child support arrearage. Such a filing did not occur during the applicable five year period. It was not until April 7, 1997 that Mrs. Long filed in Alabama seeking to recover child support. The date of filing in either Alabama or Louisiana is of no moment because the claim against the defendant had prescribed before the filing in either state.
Further, there is no showing that the legislature intended for La. C.C. art. 3501.1 to revive claims already prescribed. The legislative revival of prescribed causes of action is an extreme exercise of legislative power, and at the very least, a clear and unequivocal expression of intent by the legislature would be required before this court will so interpret the legislative intent behind a statute. Cameron Parish School Board v. ACandS, Inc., supra; Chance v. American Honda Motor Company, supra. The issue of retroactive application of La. C.C. art. 3501.1 was considered in the case of In the Matter of Brinkman, 98-0159 (La.App. 4th Cir. 8/5/98), 717 So.2d 681; that court observed that there was no indication of legislative intent to apply the prescriptive period in La. C.C. art. 3501.1 to revive a cause of action that had already prescribed.
We also note that the facts presented by the present case are distinguishable from those in Barfield v. Barfield, 483 So.2d 1085 (La.App. 2d Cir.1986). In Barfield, a child support award was rendered in June 1970. In January 1985, the plaintiff filed a rule to show cause why the defendant should not be ordered to pay twelve years past due child support. The defendant filed an exception of prescription, claiming that the plaintiff could only collect past due child support | ¿for three years. This court denied the exception of prescription, noting that La. C.C. art. 3497.1, which became effective on June 25, 1984, lengthened the prescriptive period to five years. We retroactively applied the new prescriptive period to allow the plaintiff to collect child support arrearages for the preceding five years. However, in Barfield, the duty to pay child support was ongoing and therefore subject to the retroactive application of the prescriptive statute. No issue of revival of a prescribed claim was presented in Barfield. In the present case, the duty to pay child support was not ongoing and terminated on July 6, 1990. Prescription began to run as of that date. On July 6, 1995, the entire obligation to pay child support prescribed. In accordance with the principles set forth above, there is no authority under La. C.C. art. 3501.1 to revive and enforce a claim which has prescribed. Accordingly, the juvenile .court erred in applying La. C.C. art. 3501.1 retroactively in this case.
CONCLUSION
For the reasons stated above, we reverse the judgment of the juvenile court which applied the prescriptive statute of La. C.C. art. 3501.1 to the present case and ordered the defendant to pay child support in the amount of $4,200.00. Judgment is hereby rendered in favor of the defendant, dismissing the claims of the plaintiffs, Vikki Long and the State of Louisiana through the Department of Social Services.
REVERSED AND RENDERED.

. UIFSA replaced URESA in this state effective January 1, 1996. It is contained in Chapter 13 of the Louisiana Children’s Code.

. La. C.C. art. 3501.1 provides: "An action to make executory arrearages of child support is subject to a liberative prescription of ten years.”

. La. Ch.C. art. 1306.4(B) provides: "In a proceeding for arrearages the prescriptive period under the laws of this state or of the issuing state, whichever is longer, applies.” The parties agree that Louisiana's longer prescriptive period applies in this case.